■ HANNELORE SHEA et al., Appellants, v TOWN OF FISH-

KILL, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Gurahian, J.), dated May 25, 1984, as granted that branch of the Town of Fishkill's motion which was for summary judgment dismissing the plaintiffs' complaint.

Order affirmed insofar as appealed from, with costs.

The undisputed facts demonstrate that the injuries in question were brought about when an automobile driven by Bradley D. Kelly, a defendant in a related action, collided with the plaintiffs' vehicle, causing it to overturn. Kelly had been arrested two hours earlier for driving while intoxicated. The arresting officer thereafter released him into the custody of his friends with instructions that he was not to drive again that night. The plaintiffs charged the municipality with negligence for the failure of its police officers to detain Kelly or otherwise prevent him from driving in his intoxicated state.

The plaintiffs contend that a cause of action sounding in negligence lies in favor of them and against the defendant. We disagree. "A municipality cannot be held liable for injuries resulting from a failure to provide adequate police protection absent a special relationship existing between the municipality and the injured party" (Sorichetti v City of New York, 65 NY2d 461, 468). This court has held, on substantially similar facts, that no special relationship exists between a municipality and the victims of an intoxicated driver where the police take no affirmative action to prevent the intoxicated person from driving (Evers v Westerberg, 38 AD2d 751, affd 32 NY2d 684). Therefore, the plaintiffs have failed to assert a legally cognizable cause of action against the town (see, Crosby v Town of Bethlehem, 90 AD2d 134). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.