■ WILLIAM C. BELLOWS, Appellant, v CITY OF AMSTERDAM et al., Respondents, et al., Defendants.—Kane, J. Appeal from an order of the Supreme Court (White, J.), entered February 7, 1989 in Montgomery County, which granted a motion by various defendants for summary judgment dismissing the complaint against them.

At about 1:30 A.M. on January 17, 1986, defendants Patrick C. Miller and Juan Soler, police officers employed by defendant City of Amsterdam (hereinafter collectively referred to as defendants), were, in the course of their employment, riding in a patrol car operated by Miller when they observed a 1976 Chevrolet sedan ahead of them. The vehicle was being driven by plaintiff and was observed weaving from right to left in its lane and eventually striking the curb to its right as it proceeded easterly on Division Street in the City of Amsterdam, Montgomery County. After both vehicles stopped for a traffic light and as the light turned to green, Miller positioned his vehicle in an attempt to stop plaintiff's vehicle. Miller activated his revolving red light, whereupon he noticed "a puff of smoke come out of the tail pipe" of plaintiff's vehicle as it left the scene at high speed. A chase ensued through the city in the course of which both vehicles reached speeds of approximately 85 miles per hour until plaintiff lost control of his vehicle, left the highway, struck a tree and overturned.

In this action seeking damages for personal injuries, plaintiff contends that defendants were negligent in undertaking and conducting the chase which caused plaintiff to lose control of his vehicle and cause the accident and resulting injuries. Plaintiff argues that there was no need for such a chase since he was known to defendants, that his conduct did not justify a stop of his vehicle in the first instance and that the chase as conducted violated the police guidelines established for such activity.

Initially, it is our view that the manner in which plaintiff operated his vehicle in the presence of police officers justified defendants' actions in attempting to stop and inquire, for it provided a *"reasonable* suspicion" for them to believe that plaintiff's driving presented a danger to himself and other users of the highway *(People v Sobotker,* 43 NY2d 559, 563 [emphasis in original]). Additionally, considering the actions of defendants under the circumstances as they developed *(see, Stanton v State of New York,* 29 AD2d 612, 614, *affd* 26 NY2d 990), we conclude that their conduct was not unreasonable *(see, Simmen v State of New York,* 81 AD2d 398, *affd* 55 NY2d 924). Finally, the record demonstrates that the actions of

defendants in their attempts to stop or intercept plaintiff's automobile were not a proximate cause of the accident and subsequent injuries sustained by plaintiff *(see, Palella v State of New York,* 141 AD2d 999), nor is there any showing that the procedures followed by defendants were not in accordance with established police procedures *(see, Selkowitz v County of Nassau,* 45 NY2d 97). We find equally without merit the other issues raised by plaintiff.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.