■ DANIEL J. MULLANE et al., Appellants, v CITY OF AMSTERDAM et al., Respondents. (And a Third-Party Action.) [622 NYS2d 346] —White, J. Appeal from an order of the Supreme Court (Best, J.), entered December 10, 1993 in Montgomery County, which granted defendants' motion for summary judgment dismissing the complaint.

Defendant Thomas P. Di Mezza, a police officer employed by defendant City of Amsterdam in Montgomery County, was on vehicular patrol at approximately 8:00 P.M. on October 28, 1988 when he heard screeching tires and observed two pick-up trucks, one black and one tan, speeding from the parking lot of the McDonald's restaurant located on Market Street in the City, heading north. As the tan-colored truck exited the parking lot, it cut off a northbound vehicle and a collision was narrowly avoided. The trucks then continued in the northbound lane of Market Street at an excessive rate of speed.

As a result of these observations, Di Mezza determined that the trucks were in violation of various provisions of the Vehicle and Traffic Law and pursued the trucks, which were then traveling approximately 50 miles per hour in a 30-mile-per-hour speed zone. From his observations Di Mezza believed that the trucks were racing, since the tan truck repeatedly crossed the center line of the two-lane highway to pass the other, and he activated his siren and red lights. As they reached the City limits, the black truck pulled onto the shoulder of the road but the tan-colored truck, being driven by third-party defendant, David Barnes, proceeded to speed away.

Di Mezza radioed the police dispatcher and obtained permission to proceed beyond the City limits in pursuit. He followed Barnes' truck north on State Route 30 through a less-populated area and then east on State Route 29 through a rural area at speeds sometimes approaching 90 miles per hour. Di Mezza continued the pursuit on Route 29 but reduced his speed and fell back because of several curves in the road, although he did not lose sight of the truck and he kept his lights and siren on during the entire episode. Barnes, however, continued at a high rate of speed, failed to negotiate a curve, veered into the westbound lane and collided head-on with plaintiffs' vehicle. Barnes was thereupon arrested on multiple charges including reckless driving and driving while intoxicated.

Plaintiffs commenced this action against defendants who, in turn, commenced a third-party action against Barnes. Following discovery, defendants moved for summary judgment dismissing the complaint and Supreme Court granted the motion. Plaintiffs appeal.

Vehicle and Traffic Law § 1104 authorizes the operator of an emergency vehicle in an emergency situation to exceed posted speed limits and to disregard standard traffic regulations so long as the driver proceeds with due regard for the safety of

all persons. In order to recover, a plaintiff must establish that the conduct of the pursuing officer was unreasonable and without regard for the safety of others, and the reasonableness of the pursuit must be gauged as of the time and under the circumstances in which the officer acted, not in retrospect *(see, Palella v State of New York,* 141 AD2d 999).

In the recent case of *Saarinen v Kerr* (84 NY2d 494, *revg* 199 AD2d 724), the Court of Appeals held that a police officer's conduct in pursuing a suspected law-breaker may not form the basis of civil liability to an innocent bystander unless the officer acted in reckless disregard for the safety of others, which requires evidence of an intentional act of unreasonable character in disregard of an obvious risk that is so great as to make it highly probable that harm would follow and such action must have been taken with conscious indifference to the outcome. The court further stated that police officers are entitled to the qualified privilege set forth in Vehicle and Traffic Law § 1104 even though this will inevitably increase the risk of harm to innocent motorists and pedestrians. Moreover, where there is a clear and immediate threat to public safety, an officer has the right to use whatever means necessary, short of recklessness, to overtake and apprehend the offending driver.

In the instant case Di Mezza, having observed erratic and dangerous driving by Barnes, was duty bound to investigate using all reasonable means, including pursuit, to stop the reckless vehicle's progress. The night was clear, the road conditions were dry, and although the speed of the vehicles created a risk of possible harm to others, it was a risk that Di Mezza was entitled to take in the interest of stopping a vehicle whose presence on the road posed a clear and present threat to public safety *(see, Mitchell v State of New York,* 108 AD2d 1033, *lv denied* 64 NY2d 611, *appeal dismissed* 64 NY2d 1128). We would also note that the proximate cause of the accident was Barnes' erratic and improper operation of his vehicle, not the manner in which the police officer conducted the pursuit *(see, Bellows v City of Amsterdam,* 157 AD2d 1006; *Palella v State of New York, supra).*

Therefore, based on the facts as presented, which plaintiffs in their brief concede are similar to those in *Saarinen v Kerr (supra),* we find that the conduct of Di Mezza in his pursuit of Barnes falls within the ambit of the qualified privilege afforded him by Vehicle and Traffic Law § 1104, and thus the order of Supreme Court should be affirmed.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.