SHELLY A. LORBER et al., Respondents, v TOWN OF HAMBURG et al., Appellants, et al., Defendant. [639 NYS2d 607]

Town of Hamburg and the Town of Evans appeal from an order denying their respective motions for summary judgment dismissing the complaint. Plaintiffs seek to impose liability upon the Town of Hamburg for its police officer's alleged recklessness in pursuing a traffic violator whose car struck a vehicle driven by plaintiff wife (plaintiff). Plaintiffs seek to impose liability upon the Town of Evans for the alleged negligence of its police officers in failing to warn plaintiff about the high-speed chase.

The Town of Evans enjoys sovereign immunity for its policy-making decisions with respect to how and where to deploy its officers (*see, Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 181; *Riss v City of New York*, 22 NY2d 579, 581-582). A municipality cannot be held liable for the exercise of a discretionary governmental function absent a special relationship giving rise to a special duty flowing from the municipality to the injured person (*see, Garrett v Holiday Inns*, 58 NY2d 253, 261). Absent a special relationship, the Town cannot be held liable for failing to provide proper police protection, a discretionary governmental duty owed to the public at large (*see, Merced v City of New York*, 75 NY2d 798, 799; *Kircher v City of Jamestown*, 74 NY2d 251, 255). A special relationship can be demonstrated only by proof of special assurances of protection to plaintiff, and detrimental reliance by plaintiff on such assurances (*Merced v City of New York, supra*, at 800). Here, the record establishes that there was no contact between plaintiff and Town of Evans police prior to the accident (*see, Merced v City of New York, supra*, at 800). Thus, plaintiff did not rely on special promises of protection (*see, Merced v City of New York, supra*, at 800; *Kircher v City of Jamestown, supra*, at 259). The Town of Evans therefore is entitled to summary judgment dismissing the complaint.

Similarly, the Town of Hamburg is entitled to summary judgment. In a case involving the operation of an authorized emergency vehicle, "a police officer's conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured bystander unless the officer acted in reckless disregard for the safety of others" (*Saarinen v Kerr*, 84 NY2d 494, 501; *see*, Vehicle and Traffic Law § 1104 [e]). "This standard * * * requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable

that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr, supra,* at 501).

We conclude as a matter of law that the Town of Hamburg officer did not act recklessly. The record establishes that the officer acted "swiftly and resolutely" but prudently in pursuing the driver at comparatively low speeds over the course of several miles, after observing him speeding and subsequently driving very erratically (*Saarinen v Kerr, supra,* at 502, 503). Under those circumstances, in which there was an apparent threat to the public safety, the officer "was duty-bound to investigate" by "whatever means" were "necessary, short of the proscribed recklessness, to overtake and stop the offending driver" (*Saarinen v Kerr, supra,* at 502-503). When the driver suddenly accelerated to 80 miles per hour, the officer briefly followed suit, but within seconds decelerated and broke off the chase, mindful of the residential character of the area and the fact that there was a curve ahead. It takes "more than a momentary judgment lapse" to satisfy the " 'reckless disregard' " test (*Saarinen v Kerr, supra,* at 502). Moreover, the fact that the officer briefly "exceeded the posted speed limit * * * certainly cannot alone constitute a predicate for liability, since it is expressly privileged under Vehicle and Traffic Law § 1104 (b) (3)" (*Saarinen v Kerr, supra,* at 503). In any case, the officer's prompt action in breaking off the chase out of concern for safety undercuts the plaintiffs' contention that the officer was heedless of the consequences of his conduct (*see, Kerwin v County of Broome,* 134 AD2d 812, 814, *lv denied* 71 NY2d 802). (Appeals from Order of Supreme Court, Erie County, Gorski, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Callahan and Boehm, JJ.