■ JANELLE LALONDE, by RANDY LALONDE, Her Guardian, Appellant, v ADAM HURTEAU, Defendant, and VILLAGE OF TUPPER LAKE, Respondent. [657 NYS2d 522] —Carpinello, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered March 29, 1996 in Franklin County, which granted defendant Village of Tupper Lake's motion to dismiss the complaint against it.

This action arises out of an automobile accident which occurred on July 24, 1994 at approximately 1:40 A.M. in the Town of Harrietstown, Franklin County. On that date, Janelle La-Londe, then 17 years old, was seriously injured while riding as a passenger in an automobile driven by 19-year-old defendant Adam Hurteau. About two hours before the accident, LaLonde and Hurteau were among a group of teenagers who were openly drinking beer within the limits of the Village of Tupper Lake, Franklin County. Police officers from defendant Village of Tupper Lake directed the group to disperse and to leave the area. In accordance with the officers' directions, LaLonde left with Hurteau in Hurteau's vehicle.

After the accident, plaintiff, LaLonde's guardian, commenced this action for personal injuries against Hurteau and the Village. Following joinder of issue, the Village moved to dismiss the complaint for failure to state a cause of action. Supreme Court characterized the motion as one for summary judgment and dismissed the complaint on the basis that plaintiff had failed to demonstrate the existence of a special relationship between the Village and LaLonde. Plaintiff appeals.

Initially, inasmuch as Supreme Court characterized the Village's motion as one for summary judgment without affording the parties the notice required by CPLR 3211 (c), our review is limited to whether plaintiff has a viable cause of action (*see, 51 St. Nicholas Realty Corp. v City of New York*, 218 AD2d 343, 348). Based upon our review of the record, we must affirm the dismissal of the complaint against the Village as we do not find that plaintiff has a cognizable legal cause of action against the Village under the circumstances presented.

As a general rule, there is no cause of action against a municipality for its failure to provide police protection (*see, Cuffy v City of New York*, 69 NY2d 255, 260). An exception to this rule, however, exists where there is a special relationship between the municipality and the claimant (*see, id.*). In order for there to be a special relationship, the following factors must be present: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*id.*).

Plaintiff argues that the special relationship exception is inapplicable to the case at hand because the Village police officers were guilty of misfeasance, not nonfeasance. While it is true that the special relationship exception is "limited to cases involving nonfeasance, where the municipality is alleged to have failed to take action in breach of some general duty imposed by law or voluntarily assumed for the benefit of the public as a whole" (*Rodriquez v City of New York*, 189 AD2d 166, 172), we find that the acts and/or omissions of which plaintiff complains are in the nature of nonfeasance, not malfeasance.

Plaintiff alleges that the Village police officers were negligent in that neither officer "charged anyone at the scene with underaged drinking or open container violations", "advised * * * the crowd to stop drinking alcoholic beverages", "took any ac-

tion to confiscate alcoholic beverages from persons in the group under the age of twenty-one" or "took any action to contact the parents of any * * * persons present to advise the parents that consumption of alcoholic beverages was taking place involving their child or children". Plaintiff further alleges that the officers "failed to enforce state and/or local laws and ordinances prohibiting consumption of alcohol by minors". Clearly, these allegations relate to the officers' failure to act and, therefore, do not provide a ground for liability against the Village absent a special relationship which we do not find exists under these circumstances (*see, Shea v Town of Fishkill*, 121 AD2d 375, *lv denied* 68 NY2d 612; *Crosby v Town of Bethlehem*, 90 AD2d 134). To the extent that plaintiff further alleges that the officers were negligent in encouraging and permitting persons under 21 years of age to drive motor vehicles after consuming alcohol, such general allegations do not provide a basis of liability since they do not relate specifically to Hurteau or LaLonde.

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.