STEPHAN M. SISSON, Individually and as Administrator of the Estate of TERI L. SISSON, Deceased, Respondent, v EUGENE L. BARITOT et al., Appellants, et al., Defendant. JERALD D. HARRIER, as Limited Administrator of the Estate of KEITH B. HARRIER, Deceased, Respondent, v ESTATE OF MICHAEL J. SWEETEN, Deceased, Defendant, and JOSEPH MECCA, Appellant. [666 NYS2d 85] —Order unanimously affirmed with costs. Memorandum: These consolidated actions arise out of a head-on collision that occurred on August 30, 1992 in the Village of Portville (Village) in Cattauragus County. Plaintiffs' decedents were killed when their vehicle was struck by a pick-up truck driven by Michael J. Sweeten, who was also killed as a result of the collision. Plaintiffs allege that Sweeten lost control of his pick-up truck while being pursued at high speed through the Village by two State Troopers, Eugene L. Baritot and Joseph J. Mecca, Jr. (defendants). Defendants appeal from an order denying their respective motions for summary judgment dismissing the complaints against them. Defendants argue that, as a matter of law, they were not reckless in their pursuit of the offending driver, as required for the imposition of liability against them pursuant to Vehicle and Traffic Law § 1104 (e).

Supreme Court properly denied defendants' motions for summary judgment. Vehicle and Traffic Law § 1104 (e) permits recovery against the operators of emergency vehicles only if they have acted recklessly, i.e., in "'disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow'", and with "conscious indifference to the outcome" (*Saarinen v Kerr,* 84 NY2d 494, 501). There is a triable issue of fact whether defendants acted recklessly (*see, McKenica v City of Tonawanda,* 239 AD2d 951; *Hudson v Bou-*

*tin*, 239 AD2d 624; *Schaeffer v Di Domenico*, 238 AD2d 931; *Rouse v Dahlem*, 228 AD2d 777). Although defendants testified that they slowed down and broke off the chase upon entering the Village, four independent witnesses contradicted that testimony, averring or testifying that defendants pursued the Sweeten vehicle through the Village at 90 to 100 miles per hour. One witness further averred that, because of its speed and the closeness of pursuit, defendants' vehicle narrowly missed crashing into the other vehicles at the scene of the accident. (Appeal from Order of Supreme Court, Cattaraugus County, Feeman, Jr., J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.