■ NEIL JESSOP, Individually and as Administrator of the Estate of GAIL JESSOP, Deceased, Respondent, v CITY OF NIAGARA FALLS, Appellant, and PAUL SMYTH, Respondent, et al., Defendants. [669 NYS2d 110] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the cross motion of defendant City of Niagara Falls (City) seeking summary judgment dismissing the complaint against it. This negligence and wrongful death action arises from a motor vehicle accident that was caused by an intoxicated driver who was being pursued by City police officers. The offi-

cers had encountered the driver 15 minutes earlier exiting a parked automobile and had directed him not to drive because of his intoxicated condition. When he ignored their direction, returned to his automobile and drove erratically from the scene, the officers pursued him. The pursuit took place along busy City streets as the officers tried to get close enough to see the license plate number. At one point, the officers activated their siren, but the automobile accelerated and pulled away, causing the officers to terminate their active pursuit. Shortly thereafter, the automobile ran a red light, crashed into another automobile in the intersection and hit the mobile home in which plaintiff and his wife were passengers. The officers were at a distance behind the automobile at the time of the accident and did not reach the scene for another 15 to 30 seconds.

There are two potential bases for liability. The first concerns the failure of the police initially to detain the intoxicated driver. There is no such liability, however, in the absence of a special relationship between the police and plaintiff and his wife (*see, Merced v City of New York*, 75 NY2d 798). The City established that such a relationship did not exist (*see, LaLonde v Hurteau*, 239 AD2d 858, *lv denied* 90 NY2d 807; *Shea v Town of Fishkill*, 121 AD2d 375, *lv denied* 68 NY2d 612; *Crosby v Town of Bethlehem*, 90 AD2d 134), and plaintiff failed to raise an issue of fact in response.

The second potential basis for liability is the police pursuit itself. There is no proof, however, that the police acted in reckless disregard for the safety of others (*see, Dibble v Town of Rotterdam*, 234 AD2d 733, *lv denied* 89 NY2d 811; *Mullane v City of Amsterdam*, 212 AD2d 848, 850). We reject plaintiff's contention that the decision of the police to engage in the pursuit may be considered reckless. When police observe "erratic and dangerous driving * * * [they are] duty-bound to investigate, using all reasonable means, including pursuit, to stop the lawless vehicle's forward progress" (*Saarinen v Kerr*, 84 NY2d 494, 502-503). While the intoxication of the driver increased the hazards of the pursuit, it also increased the need for his immediate apprehension (*see, Mullane v City of Amsterdam, supra*, at 850). The proof establishes that the sole proximate cause of the accident was the intoxicated driver's dangerous operation of an automobile (*see, Dibble v Town of Rotterdam, supra*, at 736; *Mullane v City of Amsterdam, supra*, at 850). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Callahan and Boehm, JJ.