■ D. MARIE CAVIGLIANO, as Administratrix of the Estate of JACQUELINE M. BOURG, Deceased, et al., Appellants, v COUNTY OF LIVINGSTON et al., Respondents. [678 NYS2d 186] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendants for summary judgment dismissing the complaints in these consolidated wrongful death and personal injury actions. Decedent, Jacqueline M. Bourg, was killed and plaintiff Timothy Zury suffered personal injuries when the vehicle driven by Bourg was struck head-on by a vehicle driven by an intoxicated driver who was being pursued by defendant Livingston County Sheriff's deputies. The deputies had pulled the vehicle over after receiving a complaint from the owner that the driver had taken it without her authorization. As the deputies approached the vehicle, the driver sped off. The deputies pursued the vehicle eastbound on Route 20A for about a mile when the vehicle crossed over the center line and hit the Bourg vehicle head-on.

Defendants met their initial burden of establishing that the failure of the deputies to detain the driver and prevent him from getting into the vehicle cannot provide a basis for liability in the absence of a special relationship between the deputies and the victims, and plaintiffs failed to raise a triable issue of fact with respect to the existence of such a relationship (*see, Jessop v City of Niagara Falls*, 247 AD2d 902). Because there is no proof that the deputies acted in reckless disregard for the safety of others, the court properly concluded that there could be no liability as a result of the actions of the deputies during the pursuit (*see, Saarinen v Kerr*, 84 NY2d 494, 501; *Jessop v City of Niagara Falls, supra; Dibble v Town of Rotterdam*, 234 AD2d 733, 735-736, *lv denied* 89 NY2d 811; *Mullane v City of*

*Amsterdam,* 212 AD2d 848, 850). When police observe "erratic and dangerous driving * * * [they are] duty-bound to investigate, using all reasonable means, including pursuit, to stop the lawless vehicle's forward progress" (*Saarinen v Kerr, supra,* at 502-503; *see also, Lorber v Town of Hamburg,* 225 AD2d 1062, 1064). While the wet road conditions and the intoxication of the driver increased the risk, they also "increased the need for his immediate apprehension" (*Jessop v City of Niagara Falls, supra,* at 903). The proof establishes that the sole proximate cause of the accident was the driver's dangerous operation of the vehicle (*see, Jessop v City of Niagara Falls, supra; Dibble v Town of Rotterdam, supra; Mullane v City of Amsterdam, supra,* at 850). Finally, the court properly concluded that plaintiffs failed to demonstrate how a violation of the rules and regulations of the Livingston County Sheriff's Department, if any, constituted reckless conduct "within the meaning of the standard set forth in *Saarinen*" (*Dibble v Town of Rotterdam, supra,* at 735, n 2). (Appeals from Order of Supreme Court, Livingston County, Frazee, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.