■ SHERRY M. MARTIN et al., Respondents, v DARRELL E. MILLER et al., Defendants, and LISA FRANCIA et al., Appellants. [680 NYS2d 300] —Crew III, J. Appeal from an order of the Supreme Court (Demarest, J.), entered August 28, 1997 in St. Lawrence County, which denied a motion by defendants Lisa Francia and Village of Gouverneur for summary judgment dismissing the complaint against them.

During the early morning hours of May 26, 1995, defendant Lisa Francia, a police officer for defendant Village of Gouverneur, responded to a complaint of a small white vehicle with pinstripes driving recklessly through the streets of the Village of Gouverneur, St. Lawrence County. While on patrol, Francia observed a vehicle matching that description round a corner with its tires squealing. Francia then pursued the vehicle, which was owned by defendant Beverly J. Miller and operated by her son, defendant Darrell E. Miller (hereinafter Miller), and attempted to pull Miller over by activating first the red lights on her patrol car and then her "wiggle-waggle" lights, i.e., the white front headlights that alternate back and forth. According to Francia, Miller not only failed to stop but increased his speed as he approached a curve in the road, whereupon he lost control of his vehicle and struck a parked car, a utility pole, plaintiffs' home and, finally, a tree. Miller, who subsequently stated that he was blinded by the lights of a vehicle traveling approximately 75 feet behind him (which he did not recognize to be a police vehicle), then fled the scene.

At the time of the accident, plaintiff Sherry M. Martin was sleeping on her living room couch and, as a result of the impact from the Miller vehicle, allegedly was thrown across the room and sustained certain injuries. Martin and her spouse, derivatively, subsequently commenced this action against Francia, the Village of Gouverneur (hereinafter collectively referred to as defendants), Miller and his mother. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint against them contending, *inter alia,* that Francia's conduct during the course of the pursuit did not demonstrate a reckless disregard for the safety of others. Supreme Court denied the motion and this appeal ensued.

It is well settled that "a police officer's conduct in pursuing a

suspected lawbreaker may not form the basis of civil liability to an injured bystander unless the officer acted in reckless disregard for the safety of others" (*Saarinen v Kerr*, 84 NY2d 494, 501). The "reckless disregard" standard, which may be traced to Vehicle and Traffic Law § 1104,* "requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*id.*, at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]; *see, Dibble v Town of Rotterdam*, 234 AD2d 733, 735, *lv denied* 89 NY2d 811; *Mullane v City of Amsterdam*, 212 AD2d 848, 850, *supra*).

Applying this standard to the matter before us, it is apparent that defendants' motion for summary judgment dismissing the complaint against them must be granted. Having received a report of reckless driving and, further, having observed a vehicle matching the description given being operated in such a fashion, Francia was duty bound to investigate, using all reasonable means, including pursuit, to bring the subject vehicle to a halt (*see, Saarinen v Kerr, supra*, at 502-503; *Dibble v Town of Rotterdam, supra*, at 735). As to her conduct during the course of the ensuing pursuit, which appears to have lasted only a matter of seconds, the record reveals that Francia's top speed did not exceed 40 miles per hour and that at no time did she "chase" Miller through the streets of Gouverneur. As noted previously, Miller testified at his examination before trial that he was not even aware that a police vehicle was pursuing him prior to the accident. As to Francia's use of her vehicle wiggle-waggle lights, even assuming that the use of such lights within 75 feet of Miller's vehicle constituted an error in judgment (*see, Saarinen v Kerr, supra*, at 502), such conduct falls far short of demonstrating a reckless disregard for Miller's safety. Plaintiffs' remaining arguments in support of Supreme Court's decision, including their assertion that the "reckless disregard" standard set forth in *Saarinen v Kerr* (*supra*) only applies to high-speed pursuits and that Francia's use of her wiggle-waggle lights constituted an unexcused violation of Vehicle and Traffic Law § 375 (3), have been examined and found to be lacking in merit.

---

* The provisions of Vehicle and Traffic Law § 1104, which authorize the operator of an emergency vehicle in an emergency situation to disregard certain standard traffic regulations, "[do] not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor [do] such provisions protect the driver from the consequences of his reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]; *see, Mullane v City of Amsterdam*, 212 AD2d 848, 849-850).

Mercure, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Lisa Francia and Village of Gouverneur, and complaint dismissed against them.