■ JAMES P. CARROLL, JR., Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [730 NYS2d 548] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Levine, J.), dated May 12, 2000, which granted the motion of the defendants City of New York, Stephen Kirk, Michael Messineo, and Louis Gomez for summary judgment dismissing the complaint insofar as asserted against them and denied his cross motion, inter alia, to strike the answer of the defendant City of New York as a sanction for the alleged spoliation of evidence.

Ordered that the order is affirmed, with costs.

The plaintiff, while a pedestrian, was injured when he was struck by a vehicle owned and operated by the defendant Brian

Sharkey. At the time of the accident, Sharkey was an off-duty probationary New York City Police Officer. The defendant Stephen Kirk, an off-duty police officer, was a passenger in Sharkey's vehicle. They had consumed alcohol prior to the accident, and Sharkey was subsequently charged with, *inter alia*, driving while intoxicated. The defendants Michael Messineo and Louis Gomez were on-duty police officers who responded to the scene of the accident. The plaintiff claims, among other things, that Kirk negligently failed to prevent Sharkey from driving while intoxicated and that they violated the New York City Police Department Patrol Guide regulation which required them to remain fit for duty 24 hours a day. He further claims that Gomez and Messineo failed to follow proper police procedures when investigating the scene of the accident.

The Supreme Court properly dismissed the complaint insofar as asserted against the City of New York, Kirk, Messineo, and Gomez (hereinafter the respondents). The plaintiff failed to establish the existence of a special relationship which would permit the imposition of liability on the City for the alleged nonfeasance of Kirk, Gomez, and Messineo (*see, Lauer v City of New York,* 95 NY2d 95; *LaLonde v Hurteau,* 239 AD2d 858). In addition, contrary to the plaintiff's contention, the regulations in the New York City Police Department Patrol Guide do not establish clear legal duties which would serve as a basis for imposing liability on the respondents under these circumstances (*see, Galapo v City of New York,* 95 NY2d 568, 575).

The plaintiff need not establish the existence of a special relationship, insofar as the City's liability is predicated on the misfeasance of Kirk or Sharkey (*see, Persaud v City of New York,* 267 AD2d 220). Nevertheless, the City may not be held vicariously liable for the off-duty activities of Sharkey and Kirk at issue here, as they were not acting within the scope of their employment (*see generally, Adams v New York City Tr. Auth.,* 88 NY2d 116, 119; *cf., Summerville v City of New York,* 257 AD2d 566; *Desa v City of New York,* 188 AD2d 313).

In view of our determination, the plaintiff's cross motion to strike the City's answer as a sanction for the alleged spoliation of evidence is academic. In any event, there is no merit to the cross motion. The plaintiff claims that Gomez and Messineo failed to obtain evidence at the scene of the accident that Sharkey and Kirk were intoxicated. A sanction for spoliation may be applied where key physical evidence is lost or destroyed by a party (*see, DiDomenico v C & S Aeromatik Supplies,* 252 AD2d 41, 53), not where a party neglects to obtain evidence in the first place.

The plaintiff's remaining contentions are without merit.
O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.