■ GEORGE CSIZMADIA et al., Appellants-Respondents, v TOWN OF WEBB et al., Defendants, and TOWN OF INLET et al., Appellants, and MARGARET DAIKER, Doing Business as DAIKER'S INN, et al., Respondents. [735 NYS2d 222] —Mugglin, J. Appeal from an order of the Supreme Court (Sise, J.), entered November 6, 2000 in Hamilton County, which, *inter alia*, granted a motion for summary judgment by defendants Marga-

ret Daiker and Daiker's Restaurant and Tavern and denied a motion for summary judgment by defendants Town of Inlet, Town of Inlet Police Department and Russell Brombacher.

After consuming a number of alcoholic beverages at defendant Daiker's Restaurant and Tavern, owned by defendant Margaret Daiker (hereinafter collectively referred to as Daikers), plaintiff George Csizmadia (hereinafter plaintiff) rode his motorcycle in a northerly direction on State Route 28. Defendant Michael Gaffney, a police officer for defendant Town of Webb in Herkimer County, was traveling south on Route 28 and encountered plaintiff traveling in the middle of the southbound lane. Gaffney avoided a head-on collision by pulling to the side of the road where he made a U-turn to follow plaintiff. He activated his emergency lights. When plaintiff failed to stop, Gaffney radioed to defendant Russell Brombacher, a police officer for defendant Town of Inlet in Hamilton County, for assistance. Gaffney then pursued plaintiff with both his emergency lights and siren activated. In response to Gaffney's call, Brombacher parked his police vehicle on a level stretch of Route 28, "crosswise" in the northbound lane, and activated the emergency lights on the vehicle. Including the sidewalk, there was approximately nine feet of space in front of Brombacher's vehicle and 22 feet (the southbound lane) to the rear of the vehicle through which plaintiff could pass if he decided not to stop. When plaintiff (who was riding on the sidewalk) was approximately 10 to 15 feet from Brombacher's vehicle, he swerved left, collided with the vehicle, and then struck the guardrail.

As relevant to this appeal, the fifth cause of action, by plaintiff Ilona Csizmadia (hereinafter Csizmadia) only, asserts a violation of General Obligations Law § 11-101 (1) and Alcoholic Beverage Control Law § 65 (2) (the Dram Shop Act) against Daikers in that Daikers served plaintiff when he was visibly intoxicated. Plaintiff and Csizmadia, derivatively, assert a cause of action against the Town of Inlet, Town of Inlet Police Department and Brombacher (hereinafter collectively referred to as defendants) claiming that they improperly, and with reckless disregard for the safety of plaintiff, blocked plaintiff's lane of travel causing him physical injuries and economic loss and resulting in loss of consortium to his wife. Daikers and defendants moved for summary judgment. Supreme Court granted summary judgment to Daikers, but denied summary judgment to defendants. These appeals followed.

We first affirm dismissal of Csizmadia's cause of action, based on the Dram Shop Act, against Daikers. To establish liability,

Csizmadia must prove that Daikers furnished alcoholic beverages to her husband while he was visibly intoxicated (*see, Romano v Stanley*, 90 NY2d 444). The deposition testimony of Daikers' manager and bartender concerning the condition of plaintiff was sufficient to shift the burden to Csizmadia to submit evidence in admissible form demonstrating a material issue of fact as to his visible intoxication (*see, Sorensen v Denny Nash, Inc.*, 249 AD2d 745, 746-747). In the absence of direct evidence that plaintiff demonstrated signs of intoxication while at Daikers, Csizmadia asserts that sufficient circumstantial evidence exists (*see, Adamy v Ziriakus*, 92 NY2d 396, 401). Her reliance on the bartender's affidavit that four drinks in an hour—the amount of alcohol served to plaintiff at Daikers—would be "over serving" is misplaced since "it is well known that the effects of alcohol consumption 'may differ greatly from person to person' * * * and that tolerance for alcohol is subject to wide individual variation" (*Romano v Stanley, supra*, at 450-451, quoting *Burnell v La Fountain*, 6 AD2d 586, 590 [citations omitted]). Further, we find unpersuasive Csizmadia's reliance on the fact that plaintiff's motorcycle fell over as he attempted to mount it to leave the parking lot to demonstrate circumstantially that he was visibly intoxicated when served. Not only was the motorcycle parked on a slope, but plaintiff admitted that (1) this had happened to him before, (2) he told the manager that he was "all right" following this incident and refused a ride home, (3) he had no difficulty operating his motorcycle after he left Daikers, and (4) he never stated to anyone that he was intoxicated at that time. On this record, and in the absence of any expert testimony on this subject, no triable issue of fact has been raised that plaintiff was visibly intoxicated when furnished alcoholic beverages at Daikers and, therefore, the cause of action against Daikers was properly dismissed.

We next turn to the denial of defendants' motion for summary judgment. The liability of these defendants is not judged in accordance with ordinary negligence principles because Vehicle and Traffic Law § 1104 qualifiedly exempts authorized emergency vehicles from certain traffic laws when they are "involved in an emergency operation." If the conduct is otherwise privileged, liability can be invoked only if the conduct rises to the level of recklessness (*see, Saarinen v Kerr*, 84 NY2d 494, 497). "This standard demands more than a showing of a lack of 'due care under circumstances'—the showing typically associated with ordinary negligence claims. It requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that

was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*id.*, at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]). In evaluating police conduct, an officer's "split-second weighing of choices" should not be second-guessed (*Gonzalez v Iocovello*, 93 NY2d 539, 551), and liability should not be imposed for conduct which amounts to "a mere failure of judgment" (*Saarinen v Kerr, supra*, at 502). Given that Brombacher, in establishing the roadblock, followed the police guidelines in effect (except for contacting a superior), and provided an escape route for plaintiff should he have decided not to stop, we hold that the evidence proffered by plaintiffs is insufficient as a matter of law to predicate a finding of recklessness sufficient to impose liability. Under the exigencies of the situation, Brombacher's failure to contact a superior officer does not equate to recklessness. Moreover, the fact that patrons were exiting a theater which was at least one-quarter mile north of the roadblock does not create an issue of fact concerning public safety as it demonstrates no hazard to pedestrians in the immediate vicinity of the roadblock. Moreover, even if pedestrians were closer, Brombacher's conduct in establishing the roadblock cannot be deemed reckless since it was taken "in the interest of stopping a motorist whose conduct on the road presented a clear and immediate threat to public safety" (*Saarinen v Kerr, supra*, at 503).

Plaintiffs' reliance upon *Rouse v Dahlem* (228 AD2d 777) is misplaced. There, instead of establishing a stationary vehicular roadblock, the police swerved their vehicle into the motorcyclist's lane of travel without affording the latter any reasonable opportunity to stop prior to a collision.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment by defendants Town of Inlet, Town of Inlet Police Department and Russell Brombacher; said motion granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.