OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
In this action to recover damages for negligent interference with plaintiffs common-law right to possession of her deceased son’s body, a jury verdict in favor of plaintiff for $15 million was set aside by the trial court on the ground that the City of New York could not be liable to plaintiff as a matter of law because the acts of defendant’s agents were discretionary and because the Police Patrol Guide could not serve as a basis for liability. While we affirm that ruling for the reasons stated by the court below, we also note two recent cases from the Court of Appeals which support said ruling.
In Galapo v City of New York (95 NY2d 568), the Court held that a plaintiff seeking to impose liability against the City under section 205-e of the General Municipal Law (a statutory cause of action for line of duty injuries resulting from negligent noncompliance with statutes and other governmental regulations) could not base his/her claim on a violation of the New York City Police Department Patrol Guide (id. at 574-575). The Patrol Guide was found not to be “a body of law or regulation establishing clear legal duties that should serve as a basis for civil liability” (id. at 575; see also, Carroll v City of New York, 287 AD2d 430). Thus, there has been no showing that the actions of the police department were mandated by statute or regulation. Inasmuch as the acts were discretionary, no cause of action lies.
Moreover, in Lauer v City of New York (95 NY2d 95, 99), the Court explained the distinction between discretionary acts (for which there is no liability) and ministerial acts (for which there could be liability). However, the Court concluded that even if the acts were ministerial, they are only actionable if they were otherwise “tortious” and there had to be a specific duty running directly to the plaintiff, not a duty owed generally to the public. In the absence of that, or of a “special relationship” between the parties (see, Cuffy v City of New York, 69 NY2d 255, 260), there can be no liability.
Since, as a matter of law, none of the requisite elements are present which would enable plaintiff to have a viable action *272 against defendant, the trial court properly dismissed her complaint.
Pesce, P.J., Golia and Rios, JJ., concur.