■ Anthony L. Spalla, Appellant, v Village of Brockport et al., Respondents, et al., Defendants. [744 NYS2d 731] —Appeal from an order and judgment (one document) of Supreme Court, Monroe County (Siracuse, J.), entered July 19, 2001, which granted the motions of defendants Village of Brockport and County of Monroe for summary judgment.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is modified on the law by denying the motion of defendant Village of Brockport and reinstating the third amended complaint against it and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action against, inter alia, defendant Village of Brockport (Village), alleging that police officers employed by the Village acted recklessly in engaging in a high-speed chase of a vehicle that, during the course of the chase, collided with a vehicle operated by plaintiff. As a result of the collision, plaintiff was rendered a paraplegic.

Supreme Court erred in granting the motion of the Village seeking summary judgment dismissing the third amended complaint against it. The Village met its initial burden by presenting evidence establishing that its officers did not act with "reckless disregard for the safety of others" (Vehicle and Traffic Law § 1104 [e]; *see Lopez v Town of Gates,* 249 AD2d 934; *see generally Saarinen v Kerr,* 84 NY2d 494, 501). Plaintiff, however, raised an issue of fact by submitting the affidavits of

two experts, each of whom opined that the speed of the police vehicles during the pursuit averaged over 70 miles per hour and at times approached 90 miles per hour through congested areas and ultimately into a heavily traveled intersection. Plaintiff thereby raised triable issues of fact whether the officers acted in reckless disregard for the safety of others (*see Lopez*, 249 AD2d 934; *Sisson v Baritot*, 245 AD2d 1084, 1084-1085; *McKenica v City of Tonawanda*, 239 AD2d 951, 952; *see also Schaeffer v DiDomenico*, 238 AD2d 931) and, if so, whether the recklessness of the officers was a proximate cause of the accident (*see Lopez*, 249 AD2d 234). We therefore modify the order and judgment by denying the motion of the Village and reinstating the third amended complaint against it.

All concur except Hayes, J., who dissents in part and votes to affirm in the following memorandum.

Hayes, J. (dissenting in part). I respectfully dissent in part. Police officers employed by defendant Village of Brockport (Village) had pulled over a vehicle driven by defendant Richard Douyon after narcotics officers had observed him leaving a suspected drug house. Douyon sped off as the officers walked toward his stopped vehicle, and the officers pursued his vehicle. Douyon drove through a stop sign without stopping and then drove in excess of the speed limit for approximately one mile before running a red light and colliding with plaintiff's vehicle.

In my view, Supreme Court properly granted the motions of the Village and defendant County of Monroe for summary judgment dismissing the third amended complaint against them. Contrary to plaintiff's contention, there is no evidence in the record that the officers acted in reckless disregard for the safety of others (*see Saarinen v Kerr*, 84 NY2d 494, 501; *Cavigliano v County of Livingston*, 254 AD2d 817). The opinions of plaintiff's experts concerning the speed of the police vehicle during the pursuit were speculative because they were based on assumptions that were not supported by facts in the record, and thus those opinions are insufficient to raise a triable issue of fact (*see Van Ostberg v Crane*, 273 AD2d 895, 896; *see generally Romano v Stanley*, 90 NY2d 444, 451-452). Furthermore, the conduct of the officers in exceeding the speed limit "cannot alone constitute a predicate for liability, since it is expressly privileged under Vehicle and Traffic Law § 1104 (b) (3)" (*Saarinen*, 84 NY2d at 503; *see Dorsey v City of Poughkeepsie*, 275 AD2d 386, 387, *lv denied in part and dismissed in part* 96 NY2d 789; *Powell v City of Mount Vernon*, 228 AD2d 572, 573-574, *lv denied* 89 NY2d 807). The police pursuit lasted less than two minutes, and the officer driving the police vehicle

testified that he slowed down and increased the distance between his vehicle and Douyon's vehicle when he observed Douyon's vehicle swerving near traffic, and he again slowed down when he observed Douyon's vehicle speeding toward the intersection where the light was red. "[T]he officer's prompt action in [slowing down] out of concern for safety undercuts the plaintiff['s] contention that the officer was heedless of the consequences of his conduct" (*Lorber v Town of Hamburg,* 225 AD2d 1062, 1064). Rather, the evidence establishes that the "sole proximate cause of the accident was [Douyon's] dangerous operation of the vehicle" (*Cavigliano,* 254 AD2d at 818; *see Dibble v Town of Rotterdam,* 234 AD2d 733, 736, *lv denied* 89 NY2d 811), not the conduct of the officers in pursuing Douyon's vehicle. Present—Pine, J.P., Hayes, Wisner, Scudder and Kehoe, JJ.