■ JOSEPH CARUSO, JR., Appellant, v LUDOVIC MARCOVICI et al., Respondents. [799 NYS2d 122]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Ponterio, J.), dated November 12, 2003, which denied his motion to strike the defendants' answer, and (2) an order of the same court (Solomon, J.), dated March 18, 2004, which granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the orders are affirmed, with one bill of costs.

In 1999 the plaintiff's decedent allegedly slipped and fell on the wet floor of his room at an adult home facility owned and operated by the defendants. The defendants did not file an incident report containing the decedent's version of how the accident occurred, in violation of Social Services Law § 461-d (3) (j). According to the plaintiff, the decedent's son, the accident was witnessed by the decedent's roommate. In the spring of 2001 the decedent commenced this action against the defendants. When the decedent was deposed in December 2001 he had difficulty understanding and answering questions due to his deteriorating mental condition. He subsequently died.

The Supreme Court properly denied the plaintiff's motion to strike the defendants' answer as a sanction for failing to file an incident report pursuant to Social Services Law § 461-d (3) (j). Contrary to the plaintiff's contention, failing to file an incident report is not analogous to destroying key evidence (*see generally DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41 [1998]; *Carroll v City of New York*, 287 AD2d 430 [2001]).

Moreover, the Supreme Court properly granted the defendants' cross motion for summary judgment. In response to their prima facie establishment of entitlement to judgment as a matter of law, the plaintiff failed to offer evidence in admissible form sufficient to raise a triable issue of fact as to whether the defendants created the alleged hazardous condition (*see Rodriguez v Sixth President*, 4 AD3d 406 [2004]; *Maniscalco v Liro Eng'g Constr. Mgt.*, 305 AD2d 378 [2003]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.