■ JOSEPH H. GONYEA, Appellant, v COUNTY OF SARATOGA et al., Respondents. [803 NYS2d 764]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered August 4, 2004 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Defendant Kimberly Rodriguez, a deputy sheriff employed by defendant Saratoga County Sheriff's Department, was summoned to a two car accident on State Route 9 in the Town of Moreau, Saratoga County. One car was off the road and the other was partially on the shoulder. Rodriguez parked the police vehicle primarily on the shoulder of the road, but as much as 18

inches of the car allegedly extended over the fog line into the road. She activated the emergency lights on top of the police car and began investigating the accident. Approximately 20 to 25 minutes later, as she was sitting in the police car writing a ticket to one of the motorists, a car driven by Candace Finn approached from behind and crossed partially into the oncoming lane in an effort to pass by the accident scene. At the same time, plaintiff was traveling in the other lane on his motorcycle and collided with the Finn car. Plaintiff commenced this action against defendants alleging that the police vehicle improperly protruded into the highway and that this was a cause of the accident. Supreme Court applied the reckless disregard standard set forth in Vehicle and Traffic Law § 1104 (e) and granted defendants' motion for summary judgment dismissing the action. Plaintiff appeals.

Plaintiff contends that Vehicle and Traffic Law § 1104 (e) does not apply because Rodriguez was not pursuing a suspected lawbreaker at the time of the accident. The statute has not, however, been construed in such a constricted manner. The operator of an "authorized emergency vehicle" (see Vehicle and Traffic Law § 101) who is engaged in an "emergency operation," as defined by Vehicle and Traffic Law § 114-b, is afforded the benefits of Vehicle and Traffic Law § 1104 (see *Criscione v City of New York*, 97 NY2d 152, 156-157 [2001]), including protection from civil liability unless engaged in acts of reckless disregard (see *Saarinen v Kerr*, 84 NY2d 494, 501 [1994]; *Csizmadia v Town of Webb*, 289 AD2d 854, 856-857 [2001]). It is undisputed that the police car being used by Rodriguez was an "authorized emergency vehicle." The next part of the inquiry is whether Rodriguez was involved in an emergency operation. The definition of an emergency operation includes, in relevant part, "parking, of an authorized emergency vehicle, when such vehicle is engaged in . . . working or assisting at the scene of an accident" (Vehicle and Traffic Law § 114-b). Here, the evidence reveals that Rodriguez was involved in the duties of her job at an accident scene when the second accident occurred. Her actions fell within the parameters of the statutory definition of an emergency operation and, hence, she was entitled to the protection afforded by Vehicle and Traffic Law § 1104 (see *Criscione v City of New York, supra*; cf. *Hudson v Boutin*, 239 AD2d 624, 624-625 [1997] [applying the reckless disregard standard to a police vehicle parked behind a disabled truck on an interstate highway, but finding issues of fact regarding reckless disregard under the particular facts]).

We turn next to plaintiff's alternative argument that there

are factual issues as to whether Rodriguez's conduct constituted reckless disregard. Reckless disregard has been described as "the conscious or intentional doing of an act of an unreasonable character in disregard of a known or obvious risk so great as to make it highly probable that harm would follow, and done with conscious indifference to the outcome" (*Szczerbiak v Pilat*, 90 NY2d 553, 557 [1997]; *see Martin v Miller*, 255 AD2d 816, 817 [1998]). The evidence in the record reveals that the road was flat and straight for at least a quarter of a mile in each direction from the accident site. Plaintiff acknowledged at his deposition that it was light out and not raining. Rodriguez testified that the police car was positioned consistent with Sheriff Department policies, which provided that, when involved in a traffic stop on the highway, a police vehicle should be positioned "two feet outside and to the left of the violator's vehicle [in order to] provide[ ] the maximum safety to the violator, the officer, and all other traffic." Both plaintiff and Finn testified that they could see the flashing lights of the police car approximately half a mile before reaching the site from their respective opposite directions. They both reportedly slowed as they approached the scene. Upon review of this record, we agree with Supreme Court that defendants sustained their initial burden for dismissal and plaintiff failed to counter with evidence raising a triable issue under the reckless disregard standard.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.