Hubbard v Robinson (2020 NY Slip Op 03308)





Hubbard v Robinson


2020 NY Slip Op 03308


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


297 CA 19-00249

[*1]MARILYN Y. HUBBARD, PLAINTIFF-APPELLANT,
v
DEMETRIUS D. ROBINSON, COLLEEN K. MALONEY, TOWN OF CHEEKTOWAGA, CHEEKTOWAGA POLICE DEPARTMENT, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MCCABE, COLLINS, MCGEOUGH, FOWLER, LEVINE & NOGAN, LLP, HAMBURG (TAMARA M. HARBOLD OF COUNSEL), FOR DEFENDANTS-RESPONDENTS DEMETRIUS D. ROBINSON AND COLLEEN K. MALONEY. 
COLUCCI & GALLAHER, P.C., BUFFALO (MARYLOU K. ROSHIA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS TOWN OF CHEEKTOWAGA AND CHEEKTOWAGA POLICE DEPARTMENT. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 15, 2019. The order granted the motion of defendants Town of Cheektowaga and Cheektowaga Police Department for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that she sustained when her parked vehicle, from which she was removing her great grandson, was struck by a vehicle operated by defendant Demetrius D. Robinson. Prior to the accident, Robinson had been pulled over for a seatbelt violation by two officers of defendant Cheektowaga Police Department (CPD). The officers approached the vehicle and requested that Robinson produce his driver's license and registration. Instead of producing those documents, Robinson drove off suddenly, almost hitting one of the officers with his vehicle, and then fled from the police at a high rate of speed while ignoring traffic control devices. The officers pursued the vehicle driven by Robinson up until it struck plaintiff's vehicle.
After plaintiff commenced this action, defendant Town of Cheektowaga and the CPD (collectively, defendants) moved for summary judgment dismissing the complaint against them on the grounds that the CPD officers' conduct and their operation of the police vehicle was not reckless pursuant to Vehicle and Traffic Law § 1104 as a matter of law and, in the alternative, that the actions of Robinson were the sole proximate cause of the accident. Plaintiff appeals from an order granting the motion, and we affirm.
Contrary to plaintiff's contention, Supreme Court properly determined that defendants met their initial burden of establishing as a matter of law that the CPD officers' conduct did not "rise to the level of recklessness required of the driver of an emergency vehicle in order for liability to attach" (Szczerbiak v Pilat, 90 NY2d 553, 557 [1997]; see Vehicle and Traffic Law § 1104 [e]), and that plaintiff failed to raise a triable issue of fact with respect thereto (see Nikolov v Town of Cheektowaga, 96 AD3d 1372, 1373 [4th Dept 2012]). Defendants' submissions on their motion included the officers' dashboard camera video, which recorded the initial stop and subsequent pursuit of Robinson, and the deposition testimony of the officers and Robinson. We [*2]conclude that those submissions establish that the officers acted "swiftly and resolutely" but prudently in pursuing Robinson at reasonable speeds under the circumstances (Saarinen v Kerr, 84 NY2d 494, 502 [1994]). Inasmuch as Robinson's driving posed a threat to the public safety, the officers "w[ere] duty-bound to investigate" and had "the right to use whatever means [were] necessary, short of the proscribed recklessness, to overtake and stop the offending driver" (id. at 502-503; see Cavigliano v County of Livingston, 254 AD2d 817, 818 [4th Dept 1998]; Dibble v Town of Rotterdam, 234 AD2d 733, 735-736 [3d Dept 1996], lv denied 89 NY2d 811 [1997]; Powell v City of Mount Vernon, 228 AD2d 572, 573 [2d Dept 1996], lv denied 89 NY2d 807 [1997]). While the nature of the police action "is relevant in determining whether a responding officer's conduct was in reckless disregard for the safety of others" (Allen v Town of Amherst, 8 AD3d 996, 997 [4th Dept 2004]), the pursuit here was warranted inasmuch as the officers, although initially stopping Robinson for failing to wear a seatbelt, did not pursue him until he abruptly left the scene, nearly hit one of the officers with his vehicle, and began driving erratically. Moreover, the fact that the officers "exceeded the posted speed limit . . . certainly cannot alone constitute a predicate for liability, since it is expressly privileged under Vehicle and Traffic Law § 1104 (b) (3)" (Saarinen, 84 NY2d at 503).
As plaintiff correctly asserts, a violation of internal policy, if in fact it occurred, is "an important, although not dispositive, factor in determining whether [the officers] ha[ve] acted recklessly" (id. at 503 n 3; see Allen, 8 AD3d at 997-998). Here, however, the alleged violation by the officers of CPD's internal guidelines "failed to establish that [their] conduct was reckless" (Martinez v City of Rochester, 164 AD3d 1655, 1656 [4th Dept 2018]; see Cavigliano, 254 AD2d at 817; Dibble, 234 AD2d at 735 n 2). Additionally, the expert affidavit submitted by plaintiff in opposition to defendants' motion, "which was premised on the internal guidelines, was conclusory" (Teitelbaum v City of New York, 300 AD2d 649, 650 [2d Dept 2002], lv denied 100 NY2d 513 [2003]) and, at times, inconsistent with the evidence in the record, including the dashboard camera video (cf. Spalla v Village of Brockport, 295 AD2d 900, 900-901 [4th Dept 2002]).
We have reviewed plaintiff's remaining contention and conclude that it does not warrant reversal or modification of the order.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court