■ RAYMOND E. WARRICK, as Administrator of the Estate of CARMEN A. WARRICK, Deceased, Appellant, v. STASIA A. OLIVER, Respondent.— Appeal from a judgment of the Supreme Court, entered in Broome County on January 25, 1971, upon a verdict rendered at a Trial Term, in favor of defendant. On the morning of April 29, 1968 defendant, with Carmen Warrick as a passenger in a 1961 Oldsmobile, was driving to the Vestal Central High School where both were employed. About two miles before meeting with an accident, defendant noticed that the brakes were not working normally, not enough to suit her, and she decided to go to Vestal Junior High 'School, where her husband was employed, to have him check the car. She testified that, while on Main Street, preparatory to turning into the Junior High driveway and when about 238 feet from impact, she applied her brake but she "had nothing", as the 'pedal went to the floor, and she immediately pushed the emergency foot brake. Nevertheless, the vehicle struck a large tree, five feet from the easterly curb of Main Street and two and one-half feet from the driveway. An officer found four skid marks, the longest of which ran back 102 feet from the tree with a slight curve into Main Street. After the accident, the vehicle was subjected to different inspections, none of which disclosed any apparent reason for a brake failure. Plaintiff's expert, based on a hypothetical question, opined that there had been no complete hydraulic brake failure. Defendant's husband, an experienced mechanic, testified that it was possible to have a lack of brake action, though there was hydraulic fluid present with no leaks and despite the fact that the power assist was working. Defendant's other expert testified similarly. Mrs. Warick died several days after the accident and, in this action to recover for wrongful death and conscious pain and suffering, the jury rendered a no cause verdict as to each cause. The jury was instructed: "The evidence seems undisputed that this car went off the highway and struck a tree. Now, a passenger in a car where that happens, in the absence of any explanation, that would create a question of fact for the jury as to negligence; that evidence in itself could be sufficient to establish negligence". As to burden of proof, it was charged: "In an action of this kind a civil action, the plaintiff has the burden of proof to establish his causes of action by a fair preponderance of the evidence. * * * In each type of action it is incumbent upon

the plaintiff to prove certain things. That is, he has the burden of proof to establish the negligence of the defendant. * * * In this type of case which we refer to commonly as a death case the burden is on the defendant on the question of contributory negligence." The court rejected a request to charge, which was erroneous in part but which included the statement that "The burden of coming forth with evidence to explain the reason for the automobile leaving the road and colliding with the tree is the responsibility of the defendant". Once the plaintiff established that the vehicle in which decedent was a passenger left the highway and struck the tree causing injury and death, thereby establishing a prima facie case of negligence sufficient to go to the jury to determine liability, the burden of going forward with proof (see Richardson, Evidence [9th ed.— Prince], § 96) shifted to defendant to explain that the cause of the accident was due to conditions beyond her control but, of course, on the whole case, the burden of proof remained on plaintiff to establish defendant's negligence (*Listengart* v. *Ell*, 30 A D 2d 536; *Czekala* v. *Meehan*, 27 A D 2d 565, affd. 20 N Y 2d 686; *New York State Elec. & Gas Corp.* v. *J.C.A. Truck Leasing*, 19 N Y 2d 926; *Carter* v. *Castle Elec. Contr. Co.*, 26 A D 2d 83, 85). The failure to so charge, after there had been an alert to such a request, requires a new trial. Plaintiff did not receive the full benefit of *Pfaffenbach* v. *White Plains Express Corp.* (17 N Y 2d 132). The confusion of the jury is evident from their query as to whether the plaintiff had to prove negligence or as to whether the defendant had to prove no negligence, the gist of the response having been simply that the plaintiff had the burden of proving the negligence of the defendant by the preponderance of the evidence and that the burden is on the defendant to prove any contributory negligence on the part of plaintiff's decedent. The verdict was against the weight of the evidence. The defendant, by her testimony, clearly established her negligence and the entire record supports such a finding. Likewise, the present record does not justify a finding of contributory negligence. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur.