■ Beth Siegel, Appellant, v Christine Terrusa et al., Respondents. [635 NYS2d 52] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated December 16, 1994, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the issue of liability is granted, and the matter is remitted to the Supreme Court, Richmond County, for a trial on the issue of damages.

An innocent passenger such as the plaintiff who, in support

of her motion for summary judgment, submits evidence that the accident resulted from the driver losing control of the vehicle, shifts the burden to the driver to come forward with an exculpatory explanation *(see, Viegas v Esposito,* 135 AD2d 708). In this case involving a one-car accident, the only such explanation provided by the defendants came in the form of the hearsay affidavit of Vincent Terrusa, the father of the driver, which indicated that a police officer who responded to the accident told Mr. Terrusa that the accident had been caused by a blowout. The opposition accordingly fell far short of the evidentiary showing needed to defeat a motion for summary judgment since the existence of a factual issue may not be established by the hearsay information of one who had no personal knowledge of the facts *(see, Eddy v Tops Friendly Mkts.,* 59 NY2d 692). Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.