■ ARTHUR E. YOUNG, Appellant, v HECTOR J. FLEARY et al., Defendants, and CITY OF NEW YORK et al., Respondents. [640 NYS2d 593] —In an action, *inter alia,* to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated June 21, 1993, which denied his motion to compel discovery pursuant to CPLR 3124 and granted the motion of the defendants City of New York and New York City Police Department for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent, Arthur M. Young, was fatally injured in a two-vehicle accident on September 26, 1987, at the intersection of Randall Avenue and Coster Street in the Bronx. The plaintiff alleged that the decedent's injuries were caused, in part, by the negligence of two New York City police officers in failing to activate the lights or sirens on their police car while engaged in a high-speed chase with the vehicle that eventually struck the vehicle of the decedent.

The plaintiff contends that summary judgment should have been denied because triable issues of fact exist as to whether the police officers had engaged in a chase with the vehicle that

struck the decedent's vehicle. We disagree. The plaintiff failed to produce any evidence in admissible form showing that the police officers had engaged in a chase. Specifically, the newspaper article submitted by the plaintiff in opposition to the respondents' motion for summary judgment constituted inadmissible hearsay (*see, Borough Hall-Oxford Tobacco Corp. v Central Off. Alarm Co.*, 35 AD2d 523) and the statements from the police spokesman on which the article was based were hearsay. The spokesman was neither involved in nor a witness to the events which culminated in the fatal car accident. Because the existence of a factual issue may not be established by the hearsay information of one who had no personal knowledge of the facts (*see, Eddy v Tops Friendly Mkts.*, 59 NY2d 692; *Siegel v Terrusa*, 222 AD2d 428), the newspaper article fell short of the evidentiary showing needed to defeat a motion for summary judgment.

The affidavit of Margo Praylow submitted by the plaintiff was also insufficient to defeat the respondents' motion for summary judgment. Although Praylow was a passenger in the decedent's car, her affidavit failed to indicate exactly how she discovered that the police were engaged in a chase. One cannot defeat a motion for summary judgment by general conclusory allegations which contain no specific factual references (*see, Hanson v Ontario Milk Producers Coop.*, 58 Misc 2d 138). Furthermore, Praylow's statement indicates that she discovered the information *after* the accident. Thus, she could not have personally observed the chase if one occurred. Consequently, the affidavit was without probative value *(see, Eddy v Tops Friendly Mkts., supra; Siegel v Terrusa, supra).*

The plaintiff's remaining contention is without merit. Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.