■ MARY F. HUDSON, as Administrator of the Estate of THOMAS F. HUDSON, Deceased, Appellant-Respondent, v DANIEL BOUTIN et al., Respondents-Appellants. (Action No. 1.) STATE OF NEW YORK, Plaintiff, v DANIEL BOUTIN et al., Defendants. (Action No. 2.) LISA G. LEMIEUX et al., as Administrators of the Estate of YVAN LEMIEUX, Deceased, Respondents, v DANIEL BOUTIN et al., Appellants, and MARY F. HUDSON, as Administrator of the Estate of THOMAS F. HUDSON, Deceased, Defendant and Third-Party Plaintiff-Appellant-Respondent; TRANSPORT CANORA LTEE, Third-Party Defendant-Respondent-Appellant. (Action No. 3.) [656 NYS2d 781] —Carpinello, J. Cross appeals from an order of the Supreme Court (Williams, J.), entered October 2, 1995 in Saratoga County, which, *inter alia*, partially denied cross motions by defendants in action No. 1 and third-party defendant in action No. 3 for summary judgment dismissing the complaints against them.

On the evening of November 26, 1985, State Trooper Thomas Hudson came to the aid of a disabled tractor trailer in the right hand driving lane of Interstate Route 87 south. The tractor trailer was owned by defendant Transport Canora Ltee and operated by Yvan Lemieux. Hudson parked his police vehicle behind the tractor trailer and, although he had activated the vehicle's emergency lights and aimed a spotlight on the tractor trailer, he did not set up flares to warn oncoming traffic of the obstruction in the highway. A short time later, a tractor trailer operated by defendant Daniel Boutin rear-ended the police vehicle, which was then pushed into the disabled tractor trailer. Hudson and Lemieux, who were inside the police vehicle, were killed as a result of the collision. The administrator of Hudson's estate commenced action No. 1 against Boutin, Transport Canora and defendant J.C. Transport Inc. (the owner of the tractor portion of the tractor trailer that rear-ended the police vehicle). The State commenced action No. 2 against Boutin and J.C. Transport. The administrators of Lemieux's estate commenced action No. 3 against Boutin, J.C. Transport, Hudson's estate and defendant Les Enterprises Yves La Bonte (the owner of the trailer portion of the tractor trailer that rear-ended the police vehicle). Numerous motions and cross motions for, *inter alia*, summary judgment were denied by Supreme Court, with one exception.*

The estate of Hudson claims that it is entitled to summary

---

* In action Nos. 1 and 3, Supreme Court dismissed the common-law negligence claims brought by Hudson's estate on the basis of the Firefighter's Rule (*see, e.g., Santangelo v State of New York*, 71 NY2d 393). Subsequently, however, Supreme Court granted a motion to reargue by Hud-

judgment because Hudson is subject to the protection of Vehicle and Traffic Law § 1104 (b) (1) as there is no evidence that his activities on November 26, 1985 constituted a reckless disregard for the safety of others (*see*, Vehicle and Traffic Law § 1104 [e]; *see also, Saarinen v Kerr*, 84 NY2d 494). In light of the absence of flares and the fact that Hudson intentionally parked his vehicle in the driving lane of an interstate highway on a night where the weather conditions included freezing rain mixed with snow, we find that the issue of whether Hudson's conduct rose to the level of recklessness is a matter for the jury to determine. Accordingly, Supreme Court did not err in denying summary judgment to Hudson's estate.

Also at issue on this appeal is the propriety of Supreme Court's order denying motions and cross motions by defendants for summary judgment dismissing causes of action by Hudson's estate pursuant to General Municipal Law § 205-e. General Municipal Law § 205-e permits a police officer's representative, in the event of an accident causing death, to recover for such death if it occurred directly or indirectly as a result of any neglect, omission, willful or culpable negligence of any person in failing to comply with the requirements of any applicable statute, ordinance, rule, order or requirement of Federal, State or municipal law. Alleged violations of the Vehicle and Traffic Law are sufficient to sustain a General Municipal Law § 205-e cause of action (*see, Costantini v Benedetto*, 190 AD2d 888, 889-890). With respect to defendants' alleged violations of various provisions of the Vehicle and Traffic Law, we also find that questions of fact exist precluding summary judgment to any party.

White, J. P. and Spain, J., concur.

Casey, J. (concurring in part and dissenting in part). We cannot agree with that part of the majority statement which concludes that summary judgment was properly denied to State Trooper Thomas Hudson's estate in action No. 3 and to that extent we respectfully dissent.

As a result of being involved in "an emergency operation", Hudson was statutorily authorized to "[s]top, stand or park" his vehicle irrespective of other provisions of the Vehicle and Traffic Law (Vehicle and Traffic Law § 1104 [b] [1]). This privilege is conditional, however, in that civil liability may be imposed on Hudson if his conduct rose to the level of recklessness (Vehicle and Traffic Law § 1104 [e]; *Saarinen v Kerr*, 84

son's estate and reinstated these claims due to a change in the law (*see*, L 1996, ch 703). No appeal has been taken from this order.

NY2d 494). "This standard * * * requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr, supra,* at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]; *see, Mullane v City of Amsterdam,* 212 AD2d 848, 850).

Here, there are no material questions of fact with respect to whether Hudson acted with reckless disregard for the safety of others. The record fails to reveal that Hudson specifically deviated from established police procedures when he positioned his vehicle directly behind the disabled tractor trailer and failed to set up flares. Both determinations involved, according to relevant testimony, the exercise of one's judgment in the circumstances presented taking into consideration the sight distance available to approaching traffic. Here the testimony establishes that Hudson had "brilliantly illuminated" the area by spotlights, flashers, overhead lights and taillights and that his vehicle was visible from one half to three quarters of a mile away. We find that such conduct cannot be characterized as intentionally ignoring a grave risk so that harm to others was probable. Although there is speculation in the record that during the short hiatus (approximately 15 minutes) between Hudson's discovery of the disabled vehicle and the tragic accident other officers may have acted differently, Hudson's conduct is not viewed in retrospect but "as of the time and under the circumstances in which [he] acted" (*Mullane v City of Amsterdam, supra,* at 850). As such, we would grant summary judgment to Hudson's estate and dismiss the complaint against it in action No. 3.

This result is not inconsistent with this Court's previous denial of summary judgment to the State, as plaintiff in action No. 2 (*State of New York v Boutin,* 167 AD2d 697). Although the State cannot be liable given our conclusion that Hudson, an agent of the State, did not act in reckless disregard for the safety of others, the State is nevertheless not entitled to any judgment as a matter of law until the liability, if any, of the other parties has been determined.

Peters, J., concurs. Ordered that the order is affirmed, without costs.