■ THOMAS GLEAVY, Respondent, v CITY OF NEW YORK et al., Appellants. [659 NYS2d 504] —In an action to recover damages for personal injuries, the defendants City of New York and Richard Pfluger appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated February 23, 1995, as granted the plaintiff's cross motion for leave to amend the complaint to add a cause of action to recover damages pursuant to General Municipal Law § 205-e, and the defendants Anthony L. Gatto and Brooklyn Union Gas Company separately appeal from the same order.

Ordered that the separate appeals by the defendants Anthony L. Gatto and Brooklyn Union Gas Company are dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the defendants City of New York and Richard Pfluger.

The plaintiff police officer commenced this action to recover damages for personal injuries based upon common-law negligence after he was injured when a police vehicle owned by the defendant City of New York and operated by the defendant Police Officer Richard Pfluger, and in which he was a passenger, was involved in an accident with a vehicle operated by the defendant Anthony L. Gatto and owned by the defendant Brooklyn Union Gas Company. The plaintiff thereafter sought leave to amend the complaint to add a cause of action pursuant to General Municipal Law § 205-e.

Contrary to the City's contention, Vehicle and Traffic Law § 1144 (b) may serve as the predicate for an action pursuant to General Municipal Law § 205-e (see, *Kelly v City of New York,* 240 AD2d 709 [decided herewith]; *Malsky v Towner,* 196 AD2d 532; *Constantini v Bendetto,* 190 AD2d 888). Accordingly, the Supreme Court properly granted the plaintiff leave to amend the complaint. Rosenblatt, J. P., Miller, Thompson and Friedmann, JJ., concur.