■ MARIA C. GONZALEZ, Respondent, v ANTHONY IOCOVELLO et al., Defendants, and CITY OF NEW YORK, Appellant. [672 NYS2d 293] —Judgment, Supreme Court, Bronx County (George Friedman, J.), entered November 8, 1996, which, upon a jury verdict, awarded plaintiff damages for past and future pain and suffering and lost earnings, plus interest, unanimously modified, on the law, to vacate so much of the judgment as awarded plaintiff interest at a rate of 9%, and the matter is remanded to the trial court for the exercise of its discretion in determining the rate at which interest is to be calculated and, if warranted, for a recalculation of the interest portions of the judgment, and otherwise affirmed, without costs.

The City's claims that General Municipal Law § 205-e and its legislative history preclude "fellow-officer" suits against it within the context of an employer/employee relationship, and, in this same connection, that the benefits it provides are comparable to workers' compensation (*see,* General Municipal Law § 205-e [1]; General Obligations Law § 11-106), are without merit (*see, Gleavy v City of New York*, 240 AD2d 700, *lv denied* App Div, 2d Dept, Oct. 16, 1997, 1997 NY App Div LEXIS 13208; *Galapo v City of New York*, 219 AD2d 581; *Kelly v City of New York*, 240 AD2d 709, *lv denied* App Div, 2d Dept, Oct. 16, 1997, 1997 NY App Div LEXIS 13575).

The trial court properly determined that Vehicle and Traffic Law § 1104 (b) and (e) were permissible statutory predicates

for plaintiff's General Municipal Law § 205-e cause of action (*see, Szczerbiak v Pilat*, 90 NY2d 553, 556-557; *Kelly v City of New York, supra; see also, Hudson v Boutin*, 239 AD2d 624).

Contrary to the City's claim, the verdict was legally sufficient and was supported by the weight of the evidence (*see, Szczerbiak v Pilat*, 90 NY2d, *supra*, at 557; *Mattera v Avis Rent A Car Sys.*, 245 AD2d 274; *compare, Hudson v Boutin, supra; Mulligan v City of New York*, 245 AD2d 277).

The trial court properly denied the City's motion to reduce the award for past and future lost earnings by the amount of the plaintiff's accident disability pension, since the City failed to demonstrate with reasonable certainty that the accident retirement benefits at issue will replace those awards (*see,* CPLR 4545 [c]; *Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81, 87).

Respecting application of the 4% annual annuity adjustment provided for by CPLR 5041 (e), we note that, contrary to the City's appellate claim, the adjustment was properly computed after each of the awards was reduced to present value.

Finally, since, as plaintiff concedes, the trial court erred when it determined that it lacked discretion to direct that interest upon the judgment be computed at a rate lower that 9% per annum (*see, Rodriguez v New York City Hous. Auth.*, 91 NY2d 76), the portions of the judgment in which interest is computed at a 9% annual rate should be vacated and the matter remanded to the trial court for a discretionary determination of the appropriate interest rate and, if necessary, for a recomputation of interest on the awards.

We have considered the City's remaining arguments and find that they lack merit. Concur—Ellerin, J. P., Wallach, Tom and Andrias, JJ.