■ CAROL A. LIGUORI, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant. [672 NYS2d 916] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 18, 1997, as (1) granted those branches of the defendant's motion which were for summary judgment dismissing her cause of action under General Municipal Law § 205-e and so much of her common-law negligence cause of action as was based on the acts of her co-employee, and (2) denied her cross motion for leave to amend the complaint, and the defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing so much of the plaintiff's common-law negligence cause of action as was based on allegations of inadequate roadway maintenance.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof denying the plaintiff's cross motion for leave to amend the complaint and substituting therefor a provision granting the plaintiff's cross motion to the extent of permitting the plaintiff to cite Vehicle and Traffic Law § 1104 in support of her cause of action pursuant to General Municipal Law § 205-e, and (2) deleting the provisions thereof granting those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's cause of action under General Municipal Law § 205-e and so much of the plaintiff's common-law negligence cause of action as was based on the acts of her co-employee and substituting therefor a provision denying those branches of the defendant's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On a previous appeal by the New York City Transit Authority from an order denying its motion for summary judgment, this Court determined that there were issues of fact precluding dismissal of the plaintiff's complaint based on the "firefighter's rule" (*Liguori v City of New York*, 202 AD2d 647). Although the record filed in connection with the present appeal by the City of New York includes certain additional submissions, including a police report, tending to show that the accident occurred during the pursuit of a criminal suspect, these submissions do not constitute evidentiary proof in admissible form. Statements made by third-party informants, and recounted in police reports, are hearsay, and therefore are not admissible unless some exception to the hearsay rule applies (*see, Johnson v Lutz*, 253 NY 124; *Turner v Spaide*, 108 AD2d 1025; *Murray v Donlan*, 77 AD2d 337; Prince, Richardson on Evidence § 8-307 [Farrell 11th ed]). Thus, the City did not establish its entitlement to judgment as a matter of law pursuant to the "firefighter's rule", and the Supreme Court erred in granting that branch of the City's motion which was for summary judgment dismissing so much of the plaintiff's common-law negligence cause of action as was based on acts of the plaintiff's co-employee.

Under the circumstances of this case, we also conclude, as a matter of discretion, that the Supreme Court should have permitted the plaintiff to amend her complaint so as to specify an alleged statutory violation of Vehicle and Traffic Law § 1104 as a predicate for her claim under General Municipal Law § 205-e. If the finder of fact ultimately concludes that the vehicle in which the plaintiff was a passenger had been operated in an emergency situation, a claim pursuant to General Municipal Law § 205-e may be predicated on a finding that the operator of the vehicle had violated the terms of Vehicle and Traffic Law § 1104 (*see, Kelly v City of New York*, 240 AD2d 709; *see also, Gleavy v City of New York*, 240 AD2d 700). The Supreme Court should have granted the plaintiff's cross motion for leave to amend the complaint to this extent, and should have denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action premised on General Municipal Law § 205-e. However, we do not believe it appropriate for this Court to permit a further amendment so as to permit the complaint to refer to Vehicle and Traffic Law § 1144 since such relief has never been requested at the Supreme Court.

The defendant's remaining contention is without merit. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.