■ KYLE L. DUDLEY et al., Respondents-Appellants, v FORD CREDIT TITLING TRUST et al., Appellants-Respondents, et al., Defendants. [762 NYS2d 905] —In an action to recover damages

for personal injuries, etc., (1) the defendant Iris A. Billy appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated May 21, 2002, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against her, (2) the defendant Adrienne Lopez appeals from the same order, (3) the defendant Ford Credit Titling Trust separately appeals, as limited by its brief, from so much of the same order as directed a judicial hearing to aid in the disposition of that branch of plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against it, and (4) the plaintiffs cross-appeal from so much of the same order as directed a judicial hearing to aid in the disposition of that branch of their motion which was for summary judgment on the issue of liability insofar as asserted against the defendant Ford Credit Titling Trust.

Ordered that the appeal by the defendant Adrienne Lopez is dismissed as abandoned (see 22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the appeal by the defendant Ford Credit Titling Trust and the cross appeal by the plaintiffs are dismissed, without costs or disbursements; and it is further,

Ordered the order is affirmed insofar as appealed from by the defendant Iris A. Billy; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant Iris A. Billy, on the appeal by that defendant.

That portion of the order which directed a judicial hearing to aid in the disposition of that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against the defendant Ford Credit Titling Trust does not decide that branch of the motion and does not affect a substantial right (see CPLR 5701 [a] [2] [v]), and is, therefore, not appealable as of right (see John E. Jacoby, M.D., P.C. v Loper Assoc., 249 AD2d 277 [1998]), and leave has not been granted.

The Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability insofar as asserted against the defendant Iris A. Billy, the driver of the car in which the infant plaintiff was riding as a passenger. The plaintiffs made a prima facie showing of negligence on the part of Billy by proof that the car suddenly accelerated, left the road, and struck a tree (see Pfaffenbach v White Plains Express Corp., 17 NY2d 132 [1966]; Warrick v Oliver, 38 AD2d 664 [1971]; see also Sneddon v

*Douglas,* 284 AD2d 448 [2001]). In opposition thereto, Billy failed to raise a material issue of fact sufficient to necessitate a trial on the issue of her liability (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *see also McDermott v South Farmingdale Water Dist.,* 167 AD2d 517 [1990]). Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.