■ MARIANO MENDOZA, Appellant, v GRACE INDUSTRIES INC. et al., Respondents. [772 NYS2d 687]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered July 26, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff seeks damages for personal injuries sustained when his car was struck by the hydraulic arm of a backhoe as he drove north on Riverside Drive near the George Washington Bridge on the afternoon of May 8, 2000. The backhoe was standing in the shoulder of the road, engaged in the removal of roadside curbing. As plaintiff approached, the arm of the backhoe, carrying a 20-foot length of curbing in its bucket, suddenly swung into the right-hand lane of traffic and smashed into the front end of his car.

Following discovery, defendant moved for summary judgment dismissing the complaint on the ground that its conduct did not manifest the "reckless disregard" by which Vehicle and Traffic Law § 1103 (b) limits liability against operators of vehicles engaged in highway work. Plaintiff argued that defendant's fail-

ure to place a flagman at the scene to direct traffic was evidence sufficient to warrant a jury trial of the issue of reckless disregard. We find that in the present circumstances an issue of fact exists as to whether defendant's conduct was reckless.

Defendant submitted evidence that it positioned signs and flashing lights along the northbound side of the road south of the backhoe to warn approaching motorists that the shoulder ahead was closed for construction and placed traffic cones and barrels in the shoulder itself. In addition, while plaintiff testified that he did not see the backhoe until he got within 6 feet of it, defendant maintains that, at 11 feet high and 8 feet wide, the backhoe must have been plainly visible to motorists for at least the three straight blocks leading up to the accident site. Defendant argues that the fact that the load in the bucket on the end of the arm "may have unexpectedly and accidentally swung out into the traffic lane as plaintiff's car was passing by hardly qualifies as 'a failure to use even slight care, or conduct that is so careless as to show complete disregard for the rights and safety of others' " (quoting PJI3d 2:10A [2003] [on gross negligence]).

However, while all the warning devices that defendant set up—the signs, the flashing lights, the cones and barrels—alerted approaching motorists to the fact that heavy equipment was being employed in the shoulder of the road, none of them directed motorists to move from the right lane to the left. Neither the sight of the backhoe itself nor the signs or flashing lights warned motorists that the operation—any part of the backhoe or its payload—might encroach on the traffic lane. Indeed, plaintiff testified that he was traveling at 25 miles per hour, that there were several cars ahead of him moving normally, and that after he saw the backhoe he did not change lanes. He said that he stepped on his brakes lightly, "just as a precaution because I knew that they were working there, but I did not expect them to hit me."

While defendant took steps to alert motorists to the presence of heavy equipment in the shoulder of the road, it intentionally permitted those motorists to stay in the right-hand driving lane as they passed the site, despite the fact that the arm of the backhoe was long enough to reach into the driving lane. A flagman could have directed the traffic, at least at times when the arm of the backhoe was moving, to switch out of the right lane, out of reach of the arm (*see Hudson v Boutin,* 239 AD2d 624 [1997]). In *Hudson,* a state trooper's vehicle was rear-ended in the right-hand driving lane of a highway where he had parked the vehicle behind a disabled tractor trailer, turned its emer-

gency lights on and aimed a spotlight at the rig. The Court held that the trooper's failure to set out flares to warn oncoming traffic of the obstruction in the highway on a night when weather conditions included freezing rain mixed with snow raised an issue of fact as to his recklessness. We find in the instant case that defendant's failure to place a flagman at the scene raises an issue of fact as to whether operating a backhoe in the shoulder of the road, from where its arm could extend into the traffic lane, without directing the traffic in the vicinity to avoid that lane, was reckless. Concur—Buckley, P.J., Rosenberger, Ellerin, Williams and Gonzalez, JJ.