■ SARAH FELBERBAUM, Respondent, v ISAAC WEINBERGER et al., Appellants. [837 NYS2d 664]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated December 14, 2005, which granted

the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff was a passenger in a vehicle driven by the defendant Isaac Weinberger. Weinberger lost control of his vehicle, and the vehicle flipped over and struck a guardrail. There were no other vehicles involved in the accident. In response to the plaintiff's demonstration of her entitlement to judgment as a matter of law on the issue of liability, the defendants failed to submit evidence sufficient to raise a triable issue of fact (*see Dudley v Ford Credit Titling Trust*, 307 AD2d 911, 912-913 [2003]; *MacIntosh v August Ambulette Serv.* 271 AD2d 661 [2000]; *Siegel v Terrusa*, 222 AD2d 428 [1995]; *Cebula v Bonime*, 92 AD2d 856 [1983]). Accordingly, the Supreme Court correctly granted the plaintiff's motion for summary judgment on the issue of liability.

Contrary to the defendants' contention, the transcript of Weinberger's examination before trial was certified and, hence, in admissible form. Even though the moving papers inadvertently omitted the certification page, the defendants supplied it in opposition to the plaintiff's motion for summary judgment. There is thus no merit to the defendants' contention that the plaintiff improperly sought to establish her prima facie entitlement to summary judgment on the issue of liability on the basis of evidence first presented to the Supreme Court in reply papers (*see Valure v Century 21 Grand*, 35 AD3d 591 [2006]; *Johnston v Continental Broker-Dealer Corp.*, 287 AD2d 546 [2001]; *Chavez v Bancker Constr. Corp.*, 272 AD2d 429 [2000]; *cf. GJF Constr. Corp. v Cosmopolitan Decorating Co., Inc.*, 35 AD3d 535 [2006]).

The defendants' remaining contention is without merit. Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.