■ NOEL A. EBERTS, Appellant, v MEGHAN MAKARCZUK et al., Respondents. [861 NYS2d 731]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated February 13, 2007, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On February 14, 2003 the plaintiff's decedent was a passenger in an automobile involved in an accident with an automobile owned by the defendant Mary Alison Makarczuk and operated by the defendant Meghan Makarczuk. The decedent died three weeks later.

The plaintiff, who was the decedent's husband and is the administrator of the decedent's estate, subsequently commenced this action, inter alia, to recover damages for wrongful death. In relevant part, the plaintiff alleged that the accident was caused by the defendants' negligence, that the accident aggravated a pre-existing condition of the decedent's, and that the aggravation of the pre-existing condition caused the decedent's death.

Following discovery, the defendants moved for summary judgment dismissing the complaint, essentially contending that the accident did not aggravate the decedent's pre-existing condition, and hence, cause the decedent's death. The Supreme Court granted the motion. We reverse.

To succeed on a cause of action to recover damages for wrongful death, the decedent's personal representative must estab-

lish, inter alia, that the defendant's wrongful act, neglect, or default caused the decedent's death (see Chong v New York City Tr. Auth., 83 AD2d 546, 547 [1981]). Contrary to the conclusion of the Supreme Court, on their motion for summary judgment dismissing the complaint, the defendants failed to tender evidentiary proof in admissible form sufficient to establish, prima facie, that the accident did not aggravate the decedent's preexisting condition (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). While the defendants submitted an autopsy report and a report from their expert physician in support of their motion, the autopsy report was not properly certified (see Salas v Town of Lake Luzerne, 265 AD2d 770, 771 [1999]), and, in any event, not probative of the issue of causation, and the expert's report was not probative on that issue either (see Cariddi v Hassan, 45 AD3d 516, 516-517 [2007]). Accordingly, the Supreme Court should have denied the motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.