■ RUPAL PANDEY, Appellant, v VINAYKUMAR C. PARIKH et al., Respondents. [870 NYS2d 367]—

The plaintiff was riding in the rear seat of a minivan, owned by the defendant Vinaykumar C. Parikh (who was riding in the front passenger seat) and driven by the defendant Subash K. Kariyil, when Kariyil lost control, causing the vehicle to roll over and strike a guard rail. The Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability because the plaintiff did not establish that Kariyil was speeding.

"An innocent passenger . . . who, in support of [his or] her motion for summary judgment, submits evidence that the accident resulted from the driver losing control of the vehicle, shifts the burden to the driver to come forward with an exculpatory explanation" (*Siegel v Terrusa*, 222 AD2d 428, 428-429 [1995]). Here, the plaintiff's affidavit, in which she described the accident, was sufficient to establish her prima facie entitlement to judgment as a matter of law on the issue of liability and, contrary to the Supreme Court's determination, she was not required to present evidence that the driver was speeding (*see e.g. Felberbaum v Weinberger*, 40 AD3d 808 [2007]; *Dudley v Ford Credit Titling Trust*, 307 AD2d 911 [2003]; *MacIntosh v August Ambulette Serv.*, 271 AD2d 661 [2000]; *Siegel v Terrusa*, 222 AD2d at 428-429).

The owner, Parikh, did not oppose the plaintiff's motion. The evidence submitted in opposition by the driver, Kariyil, was insufficient to raise a triable issue of fact as to his negligence. "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient [to raise a triable issue of fact]" (*Zuckerman v City of New York.*, 49 NY2d 557, 562 [1980]). Parikh's deposition testimony that a white car traveling at a high rate of speed passed the minivan at about the time of the accident does not support an inference that Kariyil was confronted with an emergency situation (*see generally Rivera v*

*New York City Tr. Auth.*, 77 NY2d 322, 326-327 [1991]). Notably, Parikh did not know if Kariyil applied the brakes, if he was attempting to slow the minivan down to avoid the white car, or the distance between the minivan and the white car when it reentered the minivan's lane. In addition, letters written by Kariyil and Parikh to an insurance company describing an alternate cause of the accident were inadmissible hearsay and are, therefore, insufficient to defeat the plaintiff's motion (*see Johnson v Phillips*, 261 AD2d 269, 270 [1999]).

Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been granted. Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.