■ LOUIS ROTH et al., Appellants, v DAVID ZELIG et al., Respondents, et al., Defendant. [883 NYS2d 550]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated November 7, 2008, which denied their motion for summary judgment on the issue of liability against the defendants David Zelig and Rosalyn Zelig, with leave to renew after the completion of depositions.

Ordered that the order is affirmed, with costs.

On April 20, 2007 the plaintiffs' decedent was a passenger in an automobile owned by the defendant David Zelig and operated by the defendant Rosalyn Zelig (hereinafter together the Zelig defendants). The plaintiffs allege that their decedent was injured when the automobile went out of control and collided with two parked vehicles. The plaintiffs further allege that Rosalyn Zelig was negligent in her operation of the automobile, and that the defendant Valley Stream Auto Sales, Inc., doing business as Acura of Valley Stream, previously performed negligent brake repairs on the automobile.

Prior to the taking of party depositions, the plaintiffs moved

for summary judgment on the issue of liability against the Zelig defendants. The Supreme Court denied the motion, with leave to renew after the completion of depositions. We affirm.

A party seeking summary judgment has the burden of tendering evidence in admissible form demonstrating the absence of any triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Seidman v Industrial Recycling Props., Inc.*, 52 AD3d 678, 680 [2008]). "To succeed on a cause of action to recover damages for wrongful death, the decedent's personal representative must establish, inter alia, that the defendant's wrongful act, neglect or default caused the decedent's death" (*Eberts v Makarczuk*, 52 AD3d 772, 772-773 [2008]). Although a plaintiff's burden of proof in a wrongful death case is reduced because the decedent is unable to describe the events in question (*see Noseworthy v City of New York*, 298 NY 76, 80 [1948]), the plaintiff is still obligated to provide some proof from which negligence can reasonably be inferred (*see Marsch v Catanzaro*, 40 AD3d 941, 942 [2007]; *Dubi v Jericho Fire Dist.*, 22 AD3d 631 [2005]).

On their motion for summary judgment, the plaintiffs submitted certain evidence which, they asserted, demonstrated that an accident occurred because Rosalyn Zelig lost control of the automobile (*see Pandey v Parikh*, 57 AD3d 634 [2008]; *Siegel v Terrusa*, 222 AD2d 428, 428-429 [1995]). However, that evidence was insufficient to establish the plaintiffs' entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Seidman v Industrial Recycling Props., Inc.*, 52 AD3d at 680; *Liguori v City of New York*, 250 AD2d 738, 739 [1998]). Accordingly, the plaintiffs' motion was properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Cendant Car Rental Group v Liberty Mut. Ins. Co.*, 48 AD3d 397, 398 [2008]). Skelos, J.P., Dillon, Covello and Leventhal, JJ., concur.