■ MOHAMED ZAN MUGHAL et al., Appellants, v QAMMAR Z. RAJPUT et al., Respondents. [965 NYS2d 545]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated December 8, 2011, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

On the evening of January 29, 2011, the defendant Qammar Z. Rajput was driving a vehicle owned by the defendant Abid Mukhtar when he lost control of the vehicle at or near the intersection of 87th Avenue and 144th Street in Queens, and struck a metal gate on the sidewalk. At the time of the accident, Rajput was 17 years old, and driving with a learner's permit. The infant plaintiff, a passenger in the defendants' vehicle, allegedly suffered serious injuries as a result of the collision.

Shortly after joinder of issue, the plaintiffs moved for summary judgment on the issue of liability. In support of the motion, the infant plaintiff submitted an affidavit averring that the accident occurred when Rajput "lost control of the vehicle and then the vehicle left the roadway, mounted the sidewalk and struck a metal gate." Although the defendants initially opposed the motion solely through the submission of an attorney's affirmation, about two weeks later, and prior to the adjourned return date of the motion, they submitted an affidavit from Rajput. In his affidavit, Rajput averred that it was snowing heavily at the time of the accident, that there was about a foot of accumulated snow on the ground, that the roads were wet and icy, and that he was attempting to stop for a stop sign when his vehicle "slid on the icy road." Rajput further averred that his "highest rate of speed before the accident occurred was no more than thirty miles per hour." The Supreme Court denied the plaintiffs' motion, finding that there was a triable issue of fact as to Rajput's negligence.

Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in considering Rajput's affidavit. Although the affidavit was not timely submitted, the plaintiffs had an opportunity to respond to it, and were not prejudiced thereby (*see Lawrence v Celtic Holdings, LLC*, 85 AD3d 874, 875 [2011]; *Turturro v City of New York*, 77 AD3d 732, 734 [2010]; *Valure v Century 21 Grand*, 35 AD3d 591, 592 [2006]; *Hoffman v Kessler*, 28 AD3d 718 [2006]; *Franklin v Omni Sagamore Hotel*, 5 AD3d 348 [2004]; *Vlassis v Corines*, 254 AD2d 273 [1998]).

However, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. The plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence that this was a one-car accident which occurred when Rajput lost control of the vehicle he was driving (*see Pandey v Parikh*, 57 AD3d 634, 635 [2008]; *Felberbaum v Weinberger*, 40 AD3d 808, 809 [2007]; *Dudley v Ford Credit Titling Trust*, 307 AD2d 911, 912 [2003]; *MacIntosh v August Ambulette Serv.*, 271 AD2d 661 [2000]; *Siegel v Terrusa*, 222 AD2d 428, 429 [1995]). "An innocent passenger . . . who, in support of [his or] her motion for summary judgment, submits evidence that the accident resulted from the driver losing control of the vehicle, shifts the burden to the driver to come forward with an exculpatory explanation" (*Siegel v Terrusa*, 222 AD2d at 428-429).

In opposition, the defendants failed to raise an issue of fact sufficient to defeat summary judgment. Since Rajput acknowledged in his affidavit that it was snowing heavily at the time of his accident, and that he was aware of wet and icy road conditions, the emergency doctrine is inapplicable (*see Caristo v Sanzone*, 96 NY2d 172, 175 [2001]; *Marsicano v Dealer Stor. Corp.*, 8 AD3d 451, 452 [2004]; *Bellantone v Toddy Taxi*, 307 AD2d 979, 980 [2003]; *Gadon v Oliva*, 294 AD2d 397, 398 [2002]; *Muye v Liben*, 282 AD2d 661, 662 [2001]). Furthermore, the affidavit, which failed to specify at what speed Rajput was actually driving before his vehicle skidded, was insufficient to establish that he was driving with reasonable care, and thus raise a triable issue of fact as to whether the skid was unavoidable (*see Volpe v Limoncelli*, 74 AD3d 795, 796 [2010]; *Faul v Reilly*, 29 AD3d 626 [2006]; *cf. DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 490-491 [2010]; *Campo v Neary*, 52 AD3d 1194, 1196 [2008]; *King v Car Rentals, Inc.*, 29 AD3d 205, 219 [2006]). Eng, P.J., Rivera, Angiolillo and Balkin, JJ., concur.