Denis Johnson, Respondent, v Emil Braun et al., Respondents-Appellants, and Town of East Hampton, Appellant-Respondent. [991 NYS2d 351]—

In an action to recover damages for personal injuries, the defendant Town of East Hampton appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated February 19, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants Emil Braun and Harley M. Braun cross-appeal, as limited by their brief, from so much of the same order as granted the plaintiff's cross motion for summary judgment against them on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the defendant Town of East Hampton for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Town of East Hampton, payable by the defendants Emil Braun and Harley M. Braun and the plaintiff Denis Johnson, appearing separately and filing separate briefs, and one bill of costs is awarded to the plaintiff Denis Johnson, payable by the defendants Emil Braun and Harley M. Braun.

On the evening of February 18, 2010, the plaintiff was a rear-seat passenger in a vehicle owned by the defendant Emil Braun and driven by his daughter, Harley M. Braun (hereinafter the driver, and hereinafter together the Braun defendants), along a roadway located in the defendant Town of East Hampton, when the driver lost control, causing the vehicle to strike a tree. The plaintiff commenced this action against the Braun defendants and the Town to recover damages for injuries he allegedly sustained. The Supreme Court denied the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted the plaintiff's cross motion for summary judgment on the issue of liability against the Braun defendants.

The Town established its prima facie entitlement to judgment as a matter of law by demonstrating the enactment of the Town of East Hampton Code § 217-4, a prior written notice law, and

submitting affidavits by the Deputy Town Clerk and its Deputy Superintendent of Highways, who stated that their search of the Town's records revealed no prior written notice of a defective condition in the roadway where the accident occurred (*see* Town Law § 65-a [1]; *Politis v Town of Islip*, 82 AD3d 1191, 1192 [2011]; *Weinfeld v Roth Assoc.*, 177 AD2d 977, 978 [1991]).

Contrary to the Supreme Court's determination, the plaintiff failed to raise a triable issue of fact as to whether an exception to the prior written notice requirement—an affirmative act of negligence by the Town in creating or exacerbating a dangerous condition—applied here (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Politis v Town of Islip*, 82 AD3d at 1192). The plaintiff's opposition to the motion was premised on his theory that the driver lost control of the vehicle upon traveling over an improperly applied asphalt patch, which created a dangerous condition, rather than as a result of a black ice condition coupled with the driver's own negligence. The plaintiff's theory was speculative and insufficient to raise a triable issue of fact as to this exception to the prior written notice requirement (*see Mallory v City of New Rochelle*, 41 AD3d 556 [2007]). The plaintiff's deposition testimony, which contradicted his earlier testimony at the General Municipal Law § 50-h hearing, and attempted to raise a feigned factual issue, was insufficient to defeat the motion (*see id.* at 557). Additionally, the affidavit of the plaintiff's expert did not support plaintiff's theory, since it was based on speculation rather than record facts (*see Urbano v Rockefeller Ctr. N., Inc.*, 91 AD3d 549 [2012]).

Accordingly, the Supreme Court should have granted the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

However, the Supreme Court correctly granted the plaintiff's cross motion for summary judgment in his favor and against the Braun defendants on the issue of liability. The plaintiff made a prima facie showing of his entitlement to judgment as a matter of law by submitting evidence that this was a one-car accident that occurred when the driver lost control of the vehicle she was driving (*see Mughal v Rajput*, 106 AD3d 886, 888 [2013]). "An innocent passenger . . . who, in support of [his or] her motion for summary judgment, submits evidence that the accident resulted from the driver losing control of the vehicle, shifts the burden to the driver to come forward with an exculpatory explanation" (*Siegel v Terrusa*, 222 AD2d 428, 428-429 [1995]). In opposition, the Braun defendants failed to raise a triable issue of fact sufficient to defeat the plaintiff's cross motion. The driver testified at her deposition that she skidded on

black ice while driving too fast and weaving in and out of her lane of traffic when she lost control of her vehicle and, thus, failed to raise a triable issue of fact as to whether the skid was unavoidable (*see Mughal v Rajput*, 106 AD3d at 888). Contrary to the Braun defendants' contention, the plaintiff's alleged comparative fault in, inter alia, removing his seat belt just prior to the accident, does not defeat the plaintiff's cross motion, because it concerns damages, not liability (*see O'Connor v S & R Medallion Corp.*, 2 AD3d 176, 177 [2003]). Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.