Durham v Village of Phila. (2020 NY Slip Op 04248)





Durham v Village of Phila.


2020 NY Slip Op 04248


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


160 CA 19-01057

[*1]CAROL A. DURHAM, PLAINTIFF-APPELLANT,
v
VILLAGE OF PHILADELPHIA, PHILADELPHIA VOLUNTEER FIRE DEPARTMENT, INC., AND COLE Q. JENNE, INDIVIDUALLY AND AS EMPLOYEE OR VOLUNTEER OF THE PHILADELPHIA VOLUNTEER FIRE DEPARTMENT, INC., DEFENDANTS-RESPONDENTS. 






WOODS OVIATT GILMAN LLP, ROCHESTER (WILLIAM G. BAUER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
TADDEO & SHAHAN, LLP, SYRACUSE (STEVEN C. SHAHAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered November 7, 2018. The order granted defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained in a motor vehicle accident, and she appeals from an order granting defendants' motion for summary judgment dismissing the complaint. We affirm.
On the day of the events giving rise to the action, a pregnant woman called 911 asking for emergency assistance because she was experiencing hemorrhaging. Volunteer firefighters from defendant Philadelphia Volunteer Fire Department, Inc. (fire department) took the call and responded in an ambulance owned by the fire department and defendant Village of Philadelphia. One of those firefighters was Cole Q. Jenne (defendant). When the firefighters arrived at the scene, defendant requested emergency assistance from a paramedic on duty at nearby Fort Drum, which has its own emergency service. The firefighters loaded the patient into the ambulance. Defendant drove defendants' ambulance south on Route 11, intending to rendezvous with the paramedic en route to the hospital. The paramedic was riding in another ambulance owned by the United States Army (Army ambulance), which was traveling north on the same road toward defendants' ambulance. When defendants' ambulance and the Army ambulance reached each other, defendant pulled defendants' ambulance to the shoulder of the southbound lane with its emergency lights engaged. The Army ambulance pulled to the shoulder of the northbound lane, intending to execute a U-turn and park on the shoulder of the southbound lane behind defendants' ambulance so that the paramedic could get into defendants' ambulance and provide emergency services to the patient en route to the hospital. While the Army ambulance was attempting to execute the U-turn, it was broadsided by a truck driven by plaintiff, which was traveling northbound on the same road. In her complaint, plaintiff alleges that defendants are liable because the accident was caused by defendant's failure to select a reasonably safe area to rendezvous with the Army ambulance.
Contrary to plaintiff's contention, we conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. "[T]he reckless disregard standard of care . . . applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by [*2]Vehicle and Traffic Law § 1104 (b)" (Kabir v County of Monroe, 16 NY3d 217, 220 [2011]; see Flood v City of Syracuse, 166 AD3d 1573, 1573 [4th Dept 2018]). Here, it is undisputed that defendant was operating an "authorized emergency vehicle" and "involved in an emergency operation" (§ 1104 [a]). Furthermore, defendant was engaged in specific conduct exempted from the rules of the road, i.e., he was parked on the shoulder of the road (see § 1104 [b] [1]; cf. Hudson v Boutin, 239 AD2d 624, 625 [3d Dept 1997]). Thus, defendant's conduct of parking defendants' ambulance on the shoulder of the road rather than selecting a safer rendezvous point is entitled to immunity unless he acted with "reckless disregard for the safety of others" (§ 1104 [e]; see Kabir, 16 NY3d at 220).
In its decision, however, the court noted that plaintiff had abandoned any claim that defendant acted with reckless disregard for the safety of others, and on appeal plaintiff does not dispute the court's conclusion in that regard (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We therefore conclude that the court properly granted defendants' motion and dismissed the complaint (see Flood, 166 AD3d at 1573-1574).
In light of our determination, plaintiff's remaining contentions are academic.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court