Raghoo v State of New York (2022 NY Slip Op 04655)

Raghoo v State of New York

2022 NY Slip Op 04655

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2020-05036

[*1]Ashley Raghoo, appellant, 
v
State of New York, respondent. (Claim No. 126405)

CellinoLaw LLP, Garden City, NY (John E. Lavelle of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Maureen T. Liccione, J.), dated May 15, 2020. The order granted the defendant's motion for summary judgment dismissing the claim.
ORDERED that the order is affirmed, with costs.
The claimant allegedly was injured when the vehicle she was operating swerved to avoid colliding with a flagperson during roadwork on the Robert Moses Causeway, causing her vehicle to collide with a tree. She commenced this claim to recover damages for personal injuries against the defendant, State of New York. Thereafter, the defendant moved for summary judgment dismissing the claim. In an order dated May 15, 2020, the Court of Claims granted the defendant's motion. The claimant appeals.
In support of its motion, the defendant submitted, inter alia, a transcript of the claimant's deposition testimony in which she testified that the individual who allegedly caused her vehicle to swerve off the road was a flagperson involved in a highway construction project. Based upon this testimony, the Court of Claims properly determined that the defendant's liability should be measured pursuant to Vehicle and Traffic Law § 1103(b). That statute provides that "any person, or team or any operator of a motor vehicle or other equipment while actually engaged in work on a highway" is liable only "for the consequences of their reckless disregard for the safety of others" (id.).
Contrary to the claimant's contention, the statute's reckless disregard standard is not limited to cases involving collisions between motor vehicles (see New York State Elec. & Gas Corp. v State of New York, 14 AD3d 675), or in which liability is premised upon the manner in which a person operates a motor vehicle (see Mendoza v Grace Indus., 4 AD3d 272). Vehicle and Traffic Law § 1103(b) applies to "persons," and separately states its applicability to "any operator of a motor vehicle." This indicates that "persons" who do not operate motor vehicles, but who are "actually engaged in work on a highway," are within the purview of the statute's limitation of liability. Accordingly, the Court of Claims correctly concluded that the defendant could not be held liable in this case in the absence of a showing that the flagperson's conduct exhibited a reckless disregard for [*2]the safety of others.
Although the claimant's sole argument in opposition to the defendant's motion was that the recklessness standard set forth in Vehicle and Traffic Law § 1103(b) was not applicable, the Court of Claims, after rejecting that argument, proceeded to determine that the defendant had made a prima facie showing that the conduct of the flagperson did not satisfy the recklessness standard and that the claimant had failed to raise a triable issue of fact in that regard. Since the claimant does not challenge this determination on appeal, the issue of whether it was correctly made is not properly before us on this appeal.
Accordingly, we affirm the order appealed from.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court