Bing Kang Chen v S & F Travel, Inc. (2023 NY Slip Op 04746)

Bing Kang Chen v S & F Travel, Inc.

2023 NY Slip Op 04746

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-02014
 (Index No. 708161/20)

[*1]Bing Kang Chen, appellant, 
v
S & F Travel, Inc., respondent, et al., defendant.

Caesar and Napoli, P.C., New York, NY (Kelsey M. Crowley of counsel), for appellant.
Lavin, Cedrone, Graver, Boyd & DiSipio, New York, NY (Timothy J. McHugh and Michael McKeon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated March 4, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant S & F Travel, Inc., only to the extent of determining that the plaintiff was not at fault in the happening of the accident.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant S & F Travel, Inc., is granted in its entirety.
The plaintiff was a passenger on a bus that veered off Interstate 81 and onto the center median of that highway. Subsequently, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in the accident. The plaintiff moved, inter alia, for summary judgment on the issue of liability against the defendant S & F Travel, Inc. (hereinafter S & F), and dismissing S & F's affirmative defense alleging comparative negligence. In an order dated March 4, 2022, the Supreme Court, among other things, granted that branch of the motion which was for summary judgment on the issue of liability against S & F to the extent of determining that the plaintiff was not at fault in the happening of the accident and granted that branch of the motion which was for summary judgment dismissing S & F's affirmative defense alleging comparative negligence. The plaintiff appeals from so much of the order as granted that branch of the motion which was for summary judgment on the issue of liability against S & F only to the extent of determining that the [*2]plaintiff was not at fault in the happening of the accident.
"'An innocent passenger . . . who, in support of [his or] her motion for summary judgment, submits evidence that the accident resulted from the driver losing control of the vehicle, shifts the burden to the driver to come forward with an exculpatory explanation'" (Johnson v Braun, 120 AD3d 765, 766, quoting Siegel v Terrusa, 222 AD2d 428, 428-429). Here, the plaintiff's affidavit and the bus driver's admissions in a certified police accident report submitted in support of the motion (see Yassin v Blackman, 188 AD3d 62, 65) established that the bus driver lost control of the vehicle, and that the bus driver was aware of the snowy weather conditions, rendering the emergency doctrine inapplicable (see Caristo v Sanzone, 96 NY2d 172, 174-176; Mughal v Rajput, 106 AD3d 886, 888). In his affidavit, the plaintiff stated that it was snowing when the bus left the bus station. Immediately before the accident, the plaintiff did not hear horns or the screeching of brakes, but did hear the bus driver state, "It's bad." The bus then swerved, left the roadway, and rolled over onto its passenger's side in the center median of the highway. Additionally, the certified police accident report contains the bus driver's statement that he lost control because of a slippery highway.
Moreover, in an answer submitted in support of the motion, S & F admitted that it owned the bus, and that the bus driver was operating the bus within the scope of his employment with S & F and with its permission at the time of the accident.
In opposition, S & F failed to raise a triable issue of fact. The bus driver's written statement submitted by S & F in opposition to the motion was not in admissible form (see Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 787).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against S & F in its entirety.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court